## MULTNOMAH COUNTY, APPELLANT, v. A. J. KNOTT AND LEVI KNOTT, RESPONDENTS.

SPECIAL ACT CONSTRUED—FERRY LICENSE.—The license to keep a ferry, granted by the territorial legislature to James B. Stevens, is perpetual, and relieves the grantee from the necessity of obtaining license from the county court.

EXCLUSIVE JURISDICTION—JUSTICE OF THE PEACE.—When the statute creates an offense and affixes a penalty thereto, and provides that such penalty shall be collected by an action before a justice of the peace, the justices' courts have exclusive jurisdiction of such action.

APPEAL from Multnomah County.

The facts are stated in the opinion.

*Raleigh Stott, Prosecuting Attorney,* for appellant.

*James K. Kelly and W. W. Thayer,* for respondents.

By the Court, BOISE, J.:

This was an action commenced in the circuit court of Multnomah county, to recover of the defendants certain fines or forfeitures, alleged to have accrued against the defendants for keeping a ferry across the Willamette river, at Portland, without having first obtained a license for that purpose from the county court of Multnomah county.   This action is for the violation of section 53, p. 733, of the statute, which is as follows: "Any person who shall maintain any ferry and receive ferriage without first obtaining a license for the same, shall pay a fine of ten dollars for each offense, to be

collected for the use of the county by suit before any justice of the peace having jurisdiction."

The defendants admit that they have kept the ferry, as charged, and taken ferriage; that they have no license from the said county court. But they set up as a defense that they have a license to keep said ferry, granted to James B. Stephens, his heirs and assigns, in January, 1852, by the legislature of the territory of Oregon, which, defendants claim, was a perpetual grant, and that the same has been duly assigned to them, and is now owned by them. It is conceded that a perpetual right to keep such ferry was granted by the legislature of the territory, and that the defendants now own such right. But plaintiff claims that the words of the act, "That James B. Stephens, his heirs and assigns be and they are hereby authorized to establish and keep a ferry across the Willamette river, at the city of Portland, in Washington county, to the county of Clackamas, on the east side of said river, opposite, within the following limits," etc., do not exempt the defendants from procuring a license from the county court. The right of ferriage is a right vested in the sovereign, and may be granted to individuals by special act, or given to certain persons by a general act of the legislature, and when so granted becomes a franchise in the person to whom it is granted, and, when unlimited as to time, is a perpetual right, and this right cannot be taken away from the grantee unless he forfeits his right, and that forfeiture must be declared by some competent tribunal.

We think this grant of a ferry right to James B. Stephens was a license to keep a ferry, and it was not necessary for him to have a license from the county court for the purpose; and, as it is conceded that that right still exists in the defendants, we think they may still keep said ferry without incurring the penalty sued for in this case.

There is another point made in this case by the respondents, which is that the circuit court has no jurisdiction to sustain a suit for a penalty of this kind. The statute provides that any person who shall receive ferriage without such license shall pay a fine of ten dollars for each offense, to be collected for the use of the county, by suit, before any

justice of the peace having jurisdiction.  The statute has
created the penalty, and provided the mode in which it
shall be collected, and we think in this case, as this offense
is wholly created by the statute and the manner of its col-
lection specially directed, that it excludes any other mode,
and that the jurisdiction to collect this fine resides exclu-
sively in a justice's court in the first instance, for when the
statute says "to be collected by a suit before a justice of
the peace," it necessarily excludes any other mode of col-
lection.

We think the judgment of the circuit court should be
affirmed.