[No. 1232.  Decided February 20, 1894.]

THE STATE OF WASHINGTON, *on the relation of M. F. Hamilton*, v. SUPERIOR COURT OF JEFFERSON COUNTY.

CERTIORARI — JURISDICTION OF SUPREME COURT — AMOUNT IN CONTROVERSY.

The supreme court has no jurisdiction to review the action of the superior court by means of certiorari proceedings when the original amount in controversy in the case does not exceed the sum of $200, and the action does not involve the legality of a tax, impost, assessment, toll, municipal fine, or the validity of a statute.

*Original Application for Certiorari.*

*R. W. Jennings*, for relator.

The opinion of the court was delivered by

DUNBAR, C. J.— This is an application for a writ of certiorari. The affidavit upon which this application is based shows that the court made an order that the new matter or affirmative defense pleaded in answer to the complaint be made more definite and certain. Upon failure of the defendant to amend, the court struck out the entire answer, including the direct denials, and rendered judgment against the relator.

Conceding the affidavit to correctly state the action of the court, it is plain that the court committed error in extending the order beyond the striking of the affirmative matters pleaded in defense.

But the original amount in controversy in this case does not exceed the sum of two hundred dollars, and the action does not involve the legality of a tax, impost, assessment, toll, municipal fine, or the validity of a statute. Hence, there can be no appeal under the provisions of §4 of art. 4 of the constitution of the State of Washington, and to allow the relator to obtain a reversal of the judgment

through the medium of certiorari, which he could not obtain by appeal, would be to render nugatory the provision of the constitution above quoted.

The court had jurisdiction of the subject matter and of the parties to the action, and it was evidently the intention of the constitution to vest exclusive discretion in the superior court in cases where the amount involved did not exceed the sum of $200.

The writ, therefore, will be denied.

STILES, SCOTT, HOYT and ANDERS, JJ., concur.