[Decided August 2, 1897.]

## EISEN *v.* MULTNOMAH COUNTY.

(49 Pac. 780.)

1. LIABILITY OF COUNTIES FOR COSTS.—A county is not liable to a person who has been tried and acquitted on a criminal charge for the costs and disbursements incurred in the defense, and that for two reasons: (1) There was no liability at common law, since costs were unknown; and (2) there is no statute conferring the right to recover such items, section 565 of Hill's Annotated Laws not being applicable to criminal actions. This section refers to cases where a public corporation sues or is sued for the enforcement of property rights.

2. IDEM.—Section 2361, Hill's Ann. Laws, which provides that costs in criminal actions shall be paid by the proper county to the person rendering the services, and be taxed against defendant in case of conviction, does not give defendant on acquittal a claim against the county, on which judgment can be rendered in his favor, but such costs as were incurred in enabling him to make his defense are to be paid by the county to the person rendering the service.

From Multnomah: ALFRED F. SEARS, Judge.

On September 13, 1896, Wm. T. Eisen was tried for the crime of manslaughter and acquitted, in the Circuit Court of Multnomah County, and subsequently filed a statement of certain costs and disbursements which he claims to have incurred in the trial of such action, and moved the court for judgment against the county therefor. This motion was denied, whereupon his claim was presented to the county court for allow-

ance, and, payment being refused, this action was brought to recover the amount thereof.  A demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action was sustained by the court below, and the plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the names of *Ralph W. Wilbur* and *Wilson T. Hume*, with an oral argument by *Mr. Wilbur* and *Mr. John H. Hall.*

For respondent there was a brief over the names of *Cicero M. Idleman*, Attorney-General, and *Charles F. Lord*, District Attorney, with an oral argument by *Mr. Thad. S. Potter*, Deputy District Attorney.

MR. JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

1. The only question for decision is whether a judgment can be awarded against the county for costs and disbursement, in favor of a defendant who has been tried and acquitted on a criminal charge.  At common law costs, as such, were unknown, and it is therefore settled doctrine that a court has no power to award them in favor of a defendant in a criminal action unless the statute has expressly conferred it: 4 Am. and Eng. Enc. Law (1st ed.), 323; 1 Bishop on Criminal Procedure, § 1315; *Phillips* v. *Gaines*, 131 U. S. Append. clxix.  This rule is not questioned by the plaintiff, but he claims that section 565 of the Code of Civil Procedure (Hill's Ann. Laws), which provides that "in all actions or suits prosecuted or defended in the

name and for the use of the state, or any county or other public corporation therein, the state or public corporation shall be liable for and may recover costs in like manner and with like effect as in the case of natural persons," makes the county liable for costs in a criminal action upon the acquittal of a defendant. But this section is a part of the Civil Code, and evidently refers to costs in actions or suits brought by or against the state or a county to enforce some civil or corporate right, and not to a criminal prosecution instituted by the state in its sovereign capacity to punish a violation of some public law. As said by Mr. Chief Justice RYAN in *Noyes* v. *State*, 46 Wis. 252 (1 N. W. 2), "There is a broad distinction between the status of a state instituting a prosecution in its sovereign capacity to assert its sovereign rights, to enforce its public laws, or to protect its citizens, and the status of a state suing to enforce mere rights of property, as a private person might do in like case." It is to the latter class of cases the statute has reference.

2. The only provision of law upon the subject of costs in criminal actions is section 2361, Hill's Ann. Laws,* which provides that they shall be paid to the person rendering the service by the proper county, and taxed against the defendant in case of a conviction. By this and other provisions of the statute the several counties of the state are by law required to pay the necessary expenses of every criminal trial,

---

*Section 2361. "The costs and disbursements in a criminal action or proceeding are paid to the person rendering the service, by the proper county; but in case of a judgment of conviction such costs and disbursements must be taxed against the defendant."— REPORTER.

but such payments are to be made to the person rendering the. service, and not to the defendant. He has, or can have, no claim against the county upon which a judgment can be rendered in his favor, but such necessary costs and disbursements as may be incurred in his behalf and for the purpose of enabling him to make his defense are to be paid by the county to the person rendering the service, the same as other charges against the county. The judgment of the court below is therefore affirmed.

AFFIRMED.