[No. 4316.  Decided December 9, 1902.]

THE STATE OF WASHINGTON, *Appellant,* v. ORRAN MUR-REY *et al., Respondents.*

CRIMINAL LAW — APPEAL BY STATE.

Under Bal. Code, § 6500, subd. 7, restricting the state's right of appeal in criminal cases to orders setting aside the indictment or information, orders arresting judgment on the ground the facts do not constitute a crime, or some material error in law not affecting the acquittal of the prisoner on the merits, the state has no right of appeal, where defendants, who have been discharged on habeas corpus, thereafter procure a dismissal of the proceedings against them and are awarded a judgment for costs on their preliminary examination.

Appeal from Superior Court, Thurston County.—Hon. OLIVER V. LINN, Judge.  Appeal dismissed.

*George H. Funk,* Prosecuting Attorney, for the State.

*Frank C. Owings* and *Troy & Falknor,* for respondents.

PER CURIAM.—In November, 1901, a criminal complaint was filed in the office of the justice of the peace of Thurston county, charging Murrey and O'Neil with stealing a certain cow.  The defendants were arrested on warrant, and, after examination before the magistrate, were held to appear before the superior court.  At the preliminary examination, defendants produced a number of wit-

nesses, who testified therein. Subsequent to the examination, and before any information was filed against defendants or either of them, they made a motion to dismiss the proceeding, and for their costs and disbursements in the examination; that is, the fees of the witnesses for defendants at the examination. This motion for dismissal and for costs was based upon the fact that the superior court had, upon a proceeding in habeas corpus, after a full examination of the facts, entered judgment discharging the defendants. The motion was sustained, and the court entered an order purporting to dismiss the preliminary proceeding, and entered judgment against the county and in favor of defendants in the sum of $60.80, being the fees of the witnesses produced by defendants at the preliminary examination. From this order the state attempts to appeal.

Respondents move to dismiss the appeal for want of jurisdiction in this court to review such proceeding. The errors assigned are in entering the order of dismissal, and in taxing to the county the costs of defendants' witnesses at the preliminary examination. The statute (§ 6500, Bal. Code), limits the right of the state to appeal in criminal cases: (1) In setting aside the indictment or information; (2) arresting judgment on the ground that the facts stated in the indictment or information do not constitute a crime; (3) or in some other material errors in law not affecting the acquittal of the prisoner on the merits. It is apparent that this appeal cannot be maintained under the first or second specification. The judgment and order entered was an adjudication upon the merits of the charge against the defendants; therefore the state has no right of appeal under the third specification, because the error of law mentioned cannot affect the acquit-

tal of the prisoner on the merits.    It seems that the order
of dismissal taxed costs in the amount of $60.80 to the
county.    It is immaterial, in the disposition of the motion
to dismiss this appeal, to express any view upon the valid-
ity of the taxation of costs.    In any view, the claim for
costs, which here, if valid, can only be a debt, is under
$200.    It is apparent no controversy now exists between
the state and the defendants.    In the habeas corpus pro-
ceeding such controversy was ended.

The motion to dismiss is sustained.