Argued July 18, affirmed July 31, rehearing denied September 11, motion to retax costs allowed October 16, 1917.

## STATE v. AMSDEN.*

(166 Pac. 942; 167 Pac. 1014.)

**Criminal Law — Jurisdiction — Physicians and Surgeons — Practicing Without License.**

1. Article VII, Section 9, of the Constitution, provides that "all judicial power, authority, and jurisdiction not vested by this Constitution, or by [the] laws consistent therewith, exclusively in some other court, shall belong to the circuit courts." Section 4738, L. O. L., provides that any person practicing medicine or surgery within the state after the first day of April, 1895, without first having obtained a license or contrary to the provisions of the act, shall be deemed guilty of a misdemeanor, and that justices of the peace and the respective municipal courts shall have jurisdiction of violations of the provisions of this act. *Held*, that the Circuit Court does not have concurrent original jurisdiction of a prosecution for practicing medicine without a license.

[As to requirement that physician, in order to be permitted to practice, must have obtained license, see note in 129 **Am. St. Rep.** 293.]

### ON MOTION TO RETAX COSTS.

**Costs—In Criminal Prosecution—Rights on Acquittal.**

2. Defendant, acquitted in a criminal prosecution, is not entitled to costs or disbursements; statutes on the subject being strictly construed; Section 3153, L. O. L., merely providing that costs and disbursements in a criminal proceeding are paid to the person rendering the service by the proper county, but that in case of conviction they must be taxed to defendant, and Section 577, as to costs in actions or suits prosecuted or defended in the name and for the use of the state, not relating to criminal proceedings.

---

*On practicing medicine, surgery or dentistry without a license as a continuing offense, see note in 42 **L. R. A.** (N. S.) 768.

On effect of failure of physician to procure license, see note in 16 **L. R. A.** 425.

On effect of pardon on fine, forfeiture or costs, see note in 15 **L. R. A.** 395.                              REPORTER.

From Lake: BERNARD DALY, Judge.

Department 2.   Statement by MR. JUSTICE MOORE.

The defendant, E. H. Amsden, was indicted for the crime of practicing medicine without a license, alleged to have been committed in Lake County, November 30, 1914.   A demurrer to the formal charge on the ground that the Circuit Court did not have original jurisdiction of the subject of the action was sustained, and the state appeals.                    .    AFFIRMED.

For the State (appellant) there was a brief over the names of *Mr. George M. Brown,* Attorney General, *Mr. T. S. McKinney,* District Attorney, and *Mr. O. C. Gibbs,* with an oral argument by *Mr. Brown.*

For respondent there was a brief over the names of *Mr. W. Lair Thompson* and *Mr. Arthur D. Hay,* with an oral argument by *Mr. Thompson.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. A review of the legislation regulating the practice of medicine and surgery in Oregon is thought to be essential to a proper understanding of the question to be considered.   An act of the legislative assembly of February 28, 1889, provided for the appointment of three physicians as a state board of examiners, who were empowered to grant licenses to physicians, and declared that any person practicing medicine or surgery without complying with the provisions of the act should be deemed guilty of a misdemeanor and punished by a fine of not less than $50 nor more than $500, or by imprisonment in the county jail not less than 30 days nor more than 365 days, or by both such

fine and imprisonment: Laws Or. 1889, p. 144. That
act not having specified the court which should have
jurisdiction of such offense the power to hear and de-
termine a charge of violating the provisions of that
enactment was necessarily vested in the Circuit Court:
Article VII, Section 9, of the Constitution. Sections
3, 4, 5, 8 and 11 of the act of February 28, 1889, were
amended, but the alterations are not important herein:
Laws Or. 1891, p. 153. A new statute was approved
February 23, 1895, entitled:

"An act to regulate the practice of medicine and
surgery in the state of Oregon, and to license physi-
cians and surgeons; to punish all persons violating the
provisions of this act, and to repeal all laws in conflict
therewith, and declaring an emergency."

This act is complete within itself, and its provisions
are incorporated in L. O. L. as Sections 4731–4738.
The statute last referred to, though containing in
some respects provisions similar to the earlier laws
on the subject, was not a re-enactment of the former
statute or to be considered as a continuation thereof
within the rule announced in *Renshaw* v. *Lane County
Court,* 49 Or. 526 (89 Pac. 147). The statute ex-
pressly repealed all provisions of the earlier law in
conflict therewith, revised the whole subject matter,
and thereby became a new enactment regulating the
practice of medicine and surgery: *Ex parte Ferdon,* 35
Or. 171 (57 Pac. 376).

Section 4738, L. O. L., reads:

"Any person practicing medicine or surgery within
this state after the first day of April, 1895, with-
out first having obtained the license herein provided
for, or contrary to the provisions of this act, shall be
deemed guilty of a misdemeanor, and upon conviction
thereof shall be fined not less than $50 nor more than
$100, or by imprisonment in the county jail not less

than ten nor more than ninety days, or by both such fine and imprisonment. * * Justices of the peace and the respective municipal courts shall have jurisdiction of violations of the provisions of this act.''

It is maintained on behalf of the state that Article VII, Section 9, of the Constitution of Oregon governs this case and shows that the Circuit Court of the State of Oregon for Lake County had original concurrent jurisdiction of the subject matter of the action. That provision of the fundamental law reads:

''All judicial power, authority, and jurisdiction not vested by this constitution, or by the laws consistent therewith, exclusively in some other court, shall belong to the Circuit Courts.''

Section 2 of the Article mentioned, was amended November 8, 1910, and declares:

''The courts, jurisdiction, and judicial system of Oregon except so far as expressly changed by this amendment, shall remain as at present constituted until otherwise provided by law'': Laws Or. 1911, p. 7.

No alteration, however, has therefore been made in any of the particulars specified, so that Article VII, Section 9, of the organic law remains intact. The contention of defendant's counsel is succinctly stated by a text-writer as follows:

''Where a new right is created by statute and a particular remedy prescribed, and the statute provides that this remedy must be pursued in a particular court, the jurisdiction of such court to afford the remedy provided for is exclusive'': Works, Courts and Their Jurisdiction, p. 72.

''Where a new cause of action is created by a statute which provides that a particular tribunal shall take cognizance thereof, no other court will have jurisdiction'': 11 Cyc. 983.

This rule is sustained by the cases cited in its support, including the decision rendered in the action of *Multnomah County* v. *Knott,* 6 Or. 279, 280, where in referring to a legislative enactment regulating the operation of a ferry it is said:

"The statute provides that any person who shall receive ferriage without such license shall pay a fine of ten dollars for each offense, to be collected for the use of the county, by suit before any justice of the peace having jurisdiction. The statute has created the penalty and provided the mode in which it shall be collected, and we think in this case, as this offense is wholly created by the statute and the manner of its collection specially directed, that it excludes any other mode, and that the jurisdiction to collect this fine resides exclusively in a justice's court in the first instance, for when the statute says, 'to be collected by a suit before a justice of the peace,' it necessarily excludes any other mode of collection."

In that case though no reference was made to the clause of the Constitution in question, that provision must have been considered for it was determined that the language of the statute conferred upon a Justice's Court exclusive original jurisdiction to recover the fine prescribed for a violation of the provisions of the enactment.

Prior to the act of February 23, 1907, giving Circuit Courts concurrent jurisdiction with Justices' Courts of actions of forcible entry and detainer (Gen. Laws Or. 1907, Chap. 77), the statute on that subject read:

"When a forcible entry shall be made upon any premises, or when an entry shall be made in a peaceable manner, and the possession shall be held by force, the person entitled to the premises may maintain an action to recover the possession thereof before any justice of the peace of the county in which such real property is situated": Section 5746, B. & C. Comp.

In construing such provision in *Thompson* v. *Wolf,* 6 Or. 308, it was held that the Justices' Courts had jurisdiction to the exclusion of the Circuit Courts. In that case it will be seen from the argument of plaintiff's counsel, which precedes the opinion, that Article VII, Section 9, of the Constitution was unsuccessfully invoked to prevent a reversal of the judgment.

The amendment of the statute in 1895 giving inferior courts jurisdiction of alleged violations of the act regulating the practice of medicine and surgery was probably induced by the fact that in some of the counties of the state where terms of the Circuit Court were held only biennially unlicensed persons pretending to be practitioners of medicine would pursue their assumed vocation in some village or hamlet until the grand jury convened, when the pseudo-doctors would suddenly leave and seek other fields for exploitation. In order to prevent such illegal practice and speedily to convict and punish persons for violating the provisions of the act, the legislative assembly altered the statute and conferred upon Justices' Courts and municipal tribunals jurisdiction of such offenses.

But whatever motive may have prompted the amendment, the decisions rendered in the cases of *Multnomah County* v. *Knott,* 6 Or. 279, 280, and *Thompson* v. *Wolf,* 6 Or. 308, are controlling herein, and the judgment is affirmed.

AFFIRMED.   REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE BURNETT concur.

MR. JUSTICE MCCAMANT taking no part in the consideration of this case.

Allowed October 16, 1917.

## MOTION TO RETAX COSTS.

### (167 Pac. 1014.)

On motion of state to retax costs.   Motion allowed.

*Mr. George M. Brown,* Attorney General, for the motion.

*Mr. W. Lair Thompson, contra.*

In Banc.   MR. JUSTICE MOORE delivered the opinion of the court.

2. The judgment in this action, in favor of the defendant, was affirmed on appeal, whereupon his counsel filed a cost bill containing a charge of $18 for printing a brief.   The item having been allowed by our clerk, the state moves to retax the same, contending that a defendant in an action of this kind is not entitled to a judgment for costs or disbursements. The statute regulating this matter reads:

"The costs and disbursements in a criminal action or proceeding are paid to the person rendering the service by the proper county; but in case of a judgment of conviction, such costs and disbursements must be taxed against the defendant": Section 3153; L. O. L.

Another clause of the statute is as follows:

"In all actions or suits prosecuted or defended in the name and for the use of the state, or any county or other public corporation therein, the state or public corporation shall be liable for and may recover costs in like manner and with like effect as in the case of natural persons": Section 577, L. O. L.

The latter clause undoubtedly relates to civil actions, suits, and proceedings. No provision is to be found in the statute whereby a judgment for costs or disbursements may be rendered in favor of a party who has been acquitted in a criminal action. All enactments regulating the taxation of costs and disbursements are to be strictly construed: 11 Cyc. 267. The decision rendered in *Eisen* v. *Multnomah County,* 31 Or. 134 (49 Pac. 730), is controlling herein. The item of $18 is, therefore, disallowed.

COSTS RETAXED.