[No. 14818.   Department One.   June 17, 1918.]

THE STATE OF WASHINGTON, on the Relation of
R. D. Simpson, as Trustee etc., Plaintiff, v.
EVERETT SMITH, Judge etc., Respondent.[1]

APPEAL — DECISIONS REVIEWABLE — AMOUNT IN CONTROVERSY.   An
order in a garnishment proceeding suspending remedies upon a judg-
ment for costs in the sum of $160.65, recovered on appeal to the
supreme court, being an independent proceeding to recover less
than $200, is not reviewable in the supreme court.

CERTIORARI—JURISDICTION—AMOUNT IN CONTROVERSY.   The limita-
tion of $200 upon the jurisdiction of the supreme court, is equally
applicable to appeals and to writs of review.

Application filed in the supreme court April 23, 1918,
for a writ of certiorari to review an order of the su-
perior court for King county, Smith, J., in garnishment
proceedings.   Denied.

W. W. Keyes and Kelly & MacMahon, for relator.

Bausman & Oldham (Don G. Eggerman and Walter
L. Nossaman, of counsel), for respondent.

FULLERTON, J.—The relator, as trustee in bankruptcy
of the Tacoma Ornamental Iron Works, brought an ac-
tion against the Western Hardware & Metal Company
to recover assets of the bankrupt which it was alleged
had been preferentially transferred to the defendant
in violation of the bankruptcy act.   An appeal was
taken from a judgment for the defendant, on which ap-
peal the lower court was reversed and the cause re-
manded for a new trial.   Simpson v. Western Hard-
ware & Metal Co., 97 Wash. 626, 167 Pac. 113.   On the
appeal, the plaintiff recovered costs in the sum of
$160.65.

After the judgment of this court had become final,
the plaintiff sued out a writ of garnishment against

[1]Reported in 173 Pac. 428.

the Seattle National Bank for the purpose of recovering the amount of the costs. The bank answered, admitting an indebtedness to the hardware company, but by way of affirmative defense and as a plea in abatement, answered that the original cause was pending and undisposed of, and that the questions involved in such cause were reviewable in the supreme court of the United States; and alleged on information and belief that, in case of a final decision by the state supreme court on appeal adverse to the principal defendant, the latter would resort to a review of the decision by the supreme court of the United States, and that a decision by that court in favor of defendant would involve a reversal of the judgment in plaintiff's favor for the costs, and that, by reason of a possible reversal by the Federal court, the garnishee defendant would be exposed to danger of a double liability if it should pay such judgment for costs, inasmuch as it would, in case of reversal, be liable to refund to defendant any sum paid under such writ of garnishment. It prayed that further proceedings under the writ be restrained until after the final disposition of the cause, and that all proceedings against it abate until the expiration of the time of final adjudication upon the liability of the principal defendant. On the filing of the answer, the plaintiff moved for an order against the garnishee bank, directing it to pay the amount of the judgment into the registry of the court, whereupon the court, after a hearing thereon, entered the following order:

"It is hereby ordered that the matter of the motion of the plaintiff for judgment against the garnishee defendant, and the matter of the motion of the plaintiff to require the garnishee defendant to pay into court the sum due plaintiff upon the judgment against the defendant herein be and the same is hereby held in abeyance until the final determination of this action up-

on the proposed appeal to the supreme court of the United States."

The present proceeding is an application made to this court for a review of the order so entered. The petition for the writ, among other things, set forth the following allegations:

"(8) That the matters and things set forth in the affirmative defense of the garnishee defendant as disclosed by said answer are outside of and beyond the matters which can be litigated by the garnishee defendant in said proceeding, and if in law said matters could be litigated in said proceeding, the facts therein alleged constitute no defense in said proceeding and are such that no issue can be made thereon.

"(9) That the entry of said order by the defendant is in excess of the jurisdiction of the defendant and is erroneous and void, in this:

"(a) That the said judgment of this court is final and conclusive upon all the parties thereto, and that the defendant is without power to interfere with the collection thereof.

"(b) That the said defendant is without power to hold the collection of said judgment in abeyance.

"(c) That the said defendant is without power to suspend the rights of this affiant for an indefinite period upon problematical and uncertain contingencies.

"(d) That the said defendant is without power to refuse for an indefinite and uncertain time to act upon the motion of affiant."

The respondent in the writ demurs to the petition upon the ground, among others, that this court has no jurisdiction to award the relief asked. Construing Rem. Code, § 1744, declaring the prevailing party entitled to costs, we have held that a litigant who secures a reversal on appeal is entitled to his costs in the supreme court, irrespective of the ultimate result of subsequent retrials. See *Briglio v. Holt & Jeffrey*, 91 Wash. 644, 158 Pac. 347; *Klock Produce Co. v. Diamond Ice etc. Co.*, 98 Wash. 676, 168 Pac. 476. This

rule probably indicates error in the order of the court, but we are forced to the conclusion that we are without jurisdiction to grant relief. The matter in controversy is the recovery of this judgment for costs, not the matter involved in the proceedings wherein the judgment for costs was entered. It is an independent proceeding and, since the amount involved does not exceed $200, this court is without jurisdiction to review the order in virtue of the limitation contained in § 4, art. 4, of the constitution. It is no answer to say that the limitation in the constitution is upon the appellate jurisdiction of the court, while this is an application for a writ of review. In cases of this sort, a writ of review is only another form of appeal, and a limitation upon the one is equally a limitation upon the other. *State ex rel. Hamilton v. Superior Court,* 8 Wash. 271, 36 Pac. 27; *State ex rel. Corbin v. Superior Court,* 35 Wash. 201, 77 Pac. 33; *Wade v. Weber,* 82 Wash. 591, 144 Pac. 901.

The writ is denied.

PARKER, MOUNT, and MACKINTOSH, JJ., concur.