Submitted on motion to recall mandate March 19, motion granted March 26, 1929. (For opinion on the merits see *ante*, p. 46.)

## STATE EX REL. NELL HUBBLE *v.* SIDNEY W. HUBBLE.

(275 Pac. 679.)

For the motion *Mr. Ross Farnham.*

*Contra, Mr. Jay H. Upton.*

COSHOW, C. J.—This matter comes on now to be heard upon a motion to recall the mandate and strike therefrom the provision taxing the costs and disbursements against Deschutes County in the sum of $90.50. The cost bill was filed in this court January 21, 1929, having been served on Ross Farnham, District Attorney for Deschutes County, on the same day. The district attorney ignored the cost bill and the costs were thereupon taxed as a matter of course against the county under the assumption that, since the action was in the name of the State of Oregon, the county should pay the costs under the provisions of the Act of 1921: Gen. L. 1921, Chap. 88. That chapter, however, is limited in its application to criminal actions.

It does not apply to contempt proceedings prosecuted upon relation of a private party.

Section 577, Or. L., is not applicable to contempt proceedings. That section refers to cases where a public corporation sues or is sued for the enforcement of property rights: *Eisen* v. *Multnomah County*, 31 Or. 134 (49 Pac. 730); *State* v. *Keelen*, 103 Or. 172, 192 et seq. (203 Pac. 306, 204 Pac. 162, 164).

We find no authority for taxing the costs against a county in a contempt proceeding instituted by a private party. Without statutory enactment the court has no such authority. The district attorney admits that he ought to have given the cost bill attention when it was served upon him. The county should not be mulcted because of the negligence of the district attorney, unless the statute prescribes such a result. No statute authorizing the assessment of costs and disbursements against the county in cases of this kind has been called to our attention.

For that reason the petition is allowed; the mandate will be recalled, and the judgment against the county for $90.50 annulled and canceled.

MOTION TO RECALL MANDATE GRANTED.