[No. 22647. Department One. November 25, 1930.]
THE STATE OF WASHINGTON, *on Relation of Ewing D. Colvin, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent*.[1]

*Ewing D. Colvin* and *Robert M. Burgunder (Ben A. Maslan*, of counsel), for relator.

*Henry Clay Agnew*, for respondent.

PARKER, J.—This is an original prohibition proceeding in this court. The relator, prosecuting attorney for King county, asks us to issue a writ prohibiting the superior court for that county from awarding to one Bacon a statutory attorney's fee as costs taxable in his favor against the state upon his being acquitted of a criminal charge by verdict of a jury rendered in that court. The cause is submitted to us upon the facts stated in the petition of relator, their sufficiency as stating a cause for the relief asked being challenged by demurrer.

Bacon was charged with being a jointist. His trial upon that charge in the superior court, sitting with a jury, resulted in a verdict of acquittal, when he was permitted to go free. His counsel thereupon asked the

[1]Reported in 293 Pac. 283.

court for an entry of a formal judgment discharging him and embodying therein an award to him of a statutory attorney's fee as costs in his favor against the state. The prosecuting attorney objected to the award of any costs in favor of Bacon, but did not object to the entry of a formal judgment discharging him. Respective counsel being heard by the trial judge, he announced his decision holding that Bacon was entitled to costs as claimed in his behalf, and that judgment would be entered accordingly. It is to prohibit the superior court from so entering judgment that this prohibition proceeding is prosecuted in this court.

Relator apparently proceeds upon the theory that this is a case for the invoking of the extraordinary remedy of prohibition, because the question of the awarding of costs to Bacon is not within the jurisdiction of the superior court. This we are of the opinion is a mistaken theory. The superior court is a court of general jurisdiction, and as such, we think, its jurisdiction over the subject-matter in dispute, incident to the main cause, is such that it has the power in the first instance to decide whether or not Bacon is entitled to costs as claimed in his behalf; that is, the superior court has the power and duty to decide the question, and the fact that it may decide the question erroneously is not ground for prohibiting it from so deciding. If its decision and judgment be erroneous, to whatever extent it be erroneous and reviewable in this court, such review should await the entry of a final judgment by the superior court.

The writ is denied.

MITCHELL, C. J., MAIN, TOLMAN, and HOLCOMB, JJ., concur.