[No. 23029. *En Banc.* June 30, 1931.]

THE STATE OF WASHINGTON, *Appellant*, v. CHARLES PEARL *et al., Respondents.*[1]

[1]Reported in 1 P. (2d) 315.

*Robert M. Burgunder,* for appellant.

*Henry Clay Agnew,* for respondent.

HOLCOMB, J.—In this, and eighteen other like cases, upon motion of the defendant in each cause upon verdicts of acquittal, judgments were entered discharging the defendants and allowing each a statutory attorney's fee of fifteen dollars. The judgment in each case was that the defendant be discharged, and that he recover of and from the state of Washington judgment for costs, to-wit the statutory fee of fifteen dollars. The state appealed from each of those judgments. Respondents have each moved to dismiss the several appeals.

After the filing of the motions to dismiss, the prosecuting attorney filed in this court a petition for certiorari, praying a review of all nineteen judgments, in so far as each judgment awarded costs to the several respondents for the statutory attorney's fee of fifteen dollars, and alleging that there was no adequate remedy by appeal. To the petition for certiorari, respondents demurred.

Arguments upon the nineteen appeals and upon the petition for a writ of review were all submitted at the same time for decisions.

The motion of respondent to dismiss the appeal in each case is on the ground that the amount in controversy is below the constitutional jurisdictional amount of two hundred dollars. State constitution, Art. IV, § 4.

Counsel for the state argues that a judgment for costs to a defendant in a criminal action is void as being in excess of the jurisdiction of the court, by reason of which an appeal may be taken by the state.

Formerly the state was allowed an appeal in criminal cases only when the error complained of was in setting the indictment or information aside, or in arresting judgment on the ground that the facts stated in the indictment or information did not constitute a crime, or some other material error in law not affecting the acquittal of a prisoner on the merits. Rem. Comp. Stat., § 1716.

Later, the right of the state to appeal in criminal cases was enlarged by the statute of 1925 (Laws of 1925, Ex. Ses., p. 423, § 7, Rem. 1927 Sup., § 2183-1). But in that act it was also provided "that in no case should the state have a right to an appeal where the defendant has been acquitted by a jury."

A litigant may not recover his attorney's fees from the opposite party in the absence of a statute granting that right. No such right existed at the common law. 7 R. C. L. 789.

We need not go outside this jurisdiction for controlling authority upon that question. It is settled law in this state that costs are purely statutory, and can only be awarded when the statute gives them. *Eggerth v. Spokane,* 91 Wash. 221, 157 Pac. 859, and cases cited.

We find no statutory authority, and none has been cited to us, for allowance of costs to an acquitted defendant. This lack of statutory authority probably indicates error in the judgment or order of the court.

*State ex rel. Simpson v. Smith,* 102 Wash. 574, 173 Pac. 428.

■ But, as was also held in that case, we are forced to the conclusion that we are without jurisdiction to grant relief. That applies both to the amount in controversy on appeal, being costs only and below two hundred dollars, and to a writ of review. In the above cited case we said:

"In cases of this sort, a writ of review is only another form of appeal, and a limitation upon the one is equally a limitation upon the other (Citing cases)."

In *State v. Murrey,* 30 Wash. 383, 70 Pac. 971, the state attempted to appeal from an order purporting to dismiss a preliminary proceeding in which judgment had been entered against the county in favor of defendants in the sum of $60.80, which comprised witness fees paid by the defendant at the preliminary hearing. The court there recited the grounds upon which the state was allowed an appeal in criminal cases, which were similar to the provisions of § 1716, *supra,* and held that the order taxing costs in the amount of $60.80 was unappealable. It was there observed that the claim for costs, which, if valid, could only be a debt, was under two hundred dollars.

In *State ex rel. Corbin v. Superior Court,* 35 Wash. 201, 77 Pac. 33, we held that it was immaterial that a judgment entered by the superior court was void for want of jurisdiction. We there observed:

"As we have construed the constitution, it makes the superior court the court of last resort in all civil actions at law, when the original amount in controversy does not exceed the sum of two hundred dollars. In other words, it matters not whether that court decides that it has jurisdiction when it has not, or whether it erroneously decides some other matter of law, its judgment is final in all causes not within the appellate jurisdiction of this court."

The last case is also authority requiring the denial of a writ of certiorari herein.

The cases of *Eisen v. Multnomah County,* 31 Ore. 134, 49 Pac. 730, and *State v. Amsden,* 86 Ore. 55, 166 Pac. 942, 167 Pac. 1014, correctly decided that costs were a creature of the statutes, and that defendants in criminal cases had no statutory right in Oregon to recover costs against the county; but there was not involved in either of those cases the right of the state to appeal on the mere question of costs, especially under the constitutional limit of appealable amount which is here involved. *People ex rel. Maglori v. Siman,* 284 Ill. 28, 119 N. E. 940, and *Reddin v. Frick,* 54 S. D. 277, 233 N. W. 50, cited to the point that even a court of general jurisdiction cannot render a judgment contrary to, or unauthorized by law, seem to be contrary to the trend of our own decisions. At any rate, we would not be disposed to follow those courts to the extent expressed in the opinions therein that it is essential to the validity of a judgment that the court pronouncing it have jurisdiction, not only to hear and determine the general class of cases of which that before it was one, but also the power to render the particular judgment in the particular case, and that every act of the court beyond such power is void. The Illinois case is not in harmony with other decisions of the same court, as is pointed out in the dissenting opinion, and is not in harmony with our own decisions.

The state further contends that the validity of a statute is involved herein, for which reason it has the constitutional right of appeal.

The validity of the statute is not involved, within the meaning of the constitutional inhibition on appeals, where the questions involving the statute are merely as to whether an action is properly brought under the statute, whether a recovery can be had under the stat-

ute, or whether there is any statute governing the particular action. *Doty v. Krutz,* 13 Wash. 169, 43 Pac. 17.

Under our statutory and constitutional provisions, we are forced to the conclusion that the appeals by the state must be dismissed, and that we are without jurisdiction to grant relief in the certiorari proceeding. Compare *State ex rel. Colvin v. Superior Court,* 159 Wash. 372, 293 Pac. 283.

The motions to dismiss the appeals must therefore be granted, and the petition by the state for a writ of review must be denied.

BEALS and BEELER, JJ., concur.

PARKER, J. (concurring in the result)—I concur in the dismissal of the appeal for want of jurisdiction of this court to entertain the appeal. This being the proper disposition of the cause by this court, the claim of error committed by the superior court is not here for our decision.

MILLARD, J. (concurring in the result)—I subscribe to the statement, if limited to the question before us for determination (otherwise it is dictum), "that costs are purely statutory and can only be awarded when the statute gives them." The courts did not at the common law have the power to award costs in criminal proceedings, and, in the absence of statutory authorization therefor, a judgment for costs cannot be rendered against a state in a criminal case.

"Costs in criminal proceedings are a creature of statute, and a court has no power to award them unless some statute has conferred it. By the common law, the public pays no costs. In England, the King does not, and the State stands in place of the King." *U. S. ex rel. Phillips v. Gaines,* 131 U. S. clxix Appendix.

Immediately prior to our Revolution, costs were awarded pursuant to statutes to the victorious litigant in those cases in which the king was not a party. Those statutes are a part of the common law of this country.

"We often see it stated that costs are a creature of the statute; that costs were not given at common law. *Wisconsin C. R. Co. v. Kneale,* 79 Wis. 89, 95, 48 N. W. 248; Parsons on Costs, Sec. 1. That is liable to be misunderstood by not considering that the common law of England is not synonymous with the common law of this country. The former does not include the English statutes. As the only way costs were imposed before such statutes was by amercements for the benefit of the king, or possibly an addition to the verdict or the judgment of the jury (5 Encyc. Pl. & Pr. 108), it is right to say costs were not allowed by the common law of England. But the principles of the English statutes amending the common law and existing at the time of our Revolution, suitable to our condition and in harmony with our Constitution and statutes, are a part of the common law of this country. *Coburn v. Harvey,* 18 Wis. 147; *Kellogg v. C. & N. W. R. Co.,* 26 Wis. 223, 7 Am. Rep. 69. As only the principle of the English statutes as to costs and security for costs has been regarded as thus made a part of the common law of this country, the idea that costs are regulated wholly by statute is of course true." *Harrigan v. Gilchrist,* 121 Wis. 127, 99 N. W. 909, 930.

"Thus much for judgments; to which costs are a necessary appendage; it being now as well the maxim of ours as of the civil law that *'victus victori in expensis condemnandus est'* [he who loses the suit pays costs to his adversary]: though the common law did not professedly allow any, the amercement of the vanquished party being his only punishment. The first statute which gave costs, *eo nomina,* to the defendant in a real action, was the statute of Gloucester, 6 Edw. 1, c. 1, as did the statute of Marlerge, 52 Hen. III, c. 6, to the defendant in one particular case, relative to wardship in chivalry; though in reality costs were always considered and included in the *quantum* of damages in such actions where damages are given; and

even now costs for the plaintiff are always entered on the roll as increase of damages by the court. But, because those damages were frequently inadequate to the plaintiff's expenses, the statute of Gloucester orders costs to be also added; and further directs, that the same rule shall hold place in all cases where the party is to recover damages. And therefore, in such actions where no damages were then recoverable (as in *quare impedit,* in which damages were not given till the statute of Westm. 2, 13 Edw. I), no costs are now allowed; unless they have been expressly given by some subsequent statute. The statute 3, Hen. VII, c. 10 was the first which allowed any costs on a writ of error. But no costs were allowed the *defendant* in any shape till the statutes 23 Hen. VIII, c. 15, 4 Jac. I, c. 3, 8 and 9 W. III, c. 11, 4 and 5 Ann, c. 16, which very equitably gave the defendant, if he prevailed, the same costs as the plaintiff would have had in case he had recovered. These costs on both sides are taxed and moderated by the prothonotary, or other proper officer of the court.'' 3 Blackstone Comm. 399.

Whether the actions be regarded as criminal, quasi-criminal, or civil, the appeals should be dismissed. The right of the state to appeal in criminal cases is statutory. Where the defendant has been acquitted, as is the situation in the cases at bar, the state cannot maintain an appeal under the provisions of the statute (Rem. 1927 Sup., § 2183-1) allowing an appeal by the state. If the causes be treated as civil actions, it follows that the motions to dismiss should be sustained, as the original amount in controversy in each action does not exceed the sum of two hundred dollars. *State v. Murrey,* 30 Wash. 383, 70 Pac. 971. In view, also, of our holding in *State ex rel. Corbin v. Superior Court,* 35 Wash. 201, 77 Pac. 33, I am compelled to agree that it is not material whether there is statutory or common law authority for allowance of costs to an acquitted defendant.

276

Main, J. (concurring in the result)—In this case I concur in the result arrived at in the majority opinion, and will briefly state my views.

It is a general rule that a litigant may not recover an attorney's fee from the opposite party in the absence of a statute granting that right, and our attention has not been called to any statute which gives that right in cases of the present kind; but, in my opinion, these appeals will have to be dismissed for the reason that the amount involved in each is insufficient to give this court jurisdiction under the provisions of the constitution. The same result must be reached and applied to the applications for writs of review because, as stated by this court:

"In cases of this sort a writ of review is only another form of appeal, and a limitation upon the one is equally a limitation upon the other." *State ex rel. Simpson v. Smith,* 102 Wash. 574, 173 Pac. 428.

Nor do I think that the validity of any statute is involved within the meaning of the constitution so as to give this court jurisdiction, but only the construction or application of the statutes.

Motions to dismiss the appeals should be granted, and the petitions by the state for writs of review should be denied.

Tolman, C. J., and Mitchell, J., concur with Main, J.