273 P.3d 484 (2012)
STATE of Washington, Respondent,
v.
Miguel Gomez CERVANTES, a/k/a Miguel Cervantes Valdovines, Appellant.
No. 29595-8-III.
Court of Appeals of Washington, Division 3.
March 29, 2012.
*485 Nicholas Wright Marchi, Carney & Marchi PS, Seattle, WA, for Appellant.
Frank William Jenny II, Attorney at Law, Pasco, WA, for Respondent.
BROWN, J.
¶ 1 Because of immigration consequences, Miguel Gomez Cervantes (aka Miguel Cervantes Valdovines)[1] appeals the trial court's denial of his November 2010 motion to vacate his 1994 judgment and sentence. The court partly reasoned Mr. Gomez's motion was inappropriate because it had previously vacated the offense at his request in 2005 under RCW 9.94A.640 after he had served his sentence. Mr. Gomez contends the trial court erred because it retained jurisdiction to vacate on other grounds. His underlying argument *486 is ineffective assistance of counsel for failing to inform him of the immigration implications of his plea. Although we agree the trial court retains jurisdiction under these circumstances, we hold Mr. Gomez's motion is, nevertheless, time barred. Accordingly, we affirm.

FACTS
¶ 2 In 1987, Mr. Gomez pleaded guilty to unlawful possession of cocaine. In 1994, the trial court entered judgment and sentenced Mr. Gomez to 90 days' confinement. On March 22, 2005, Mr. Gomez successfully moved to vacate the conviction pursuant to RCW 9.94A.640 that permits this action once an offender has fulfilled all sentence requirements and has been discharged under RCW 9.94A.637. In 1994, Mr. Gomez was not a United States citizen. The 2005 judgment vacation apparently did not alleviate the immigration consequences of his conviction. Mr. Gomez is currently in federal custody while awaiting removal from the United States. Apparently, his removal has been stayed pending the outcome of federal district court habeas corpus litigation.
¶ 3 On November 8, 2010, Mr. Gomez again moved to vacate the 1994 judgment. This time, he based his motion on constitutional grounds, claiming his plea was involuntary because his trial counsel was ineffective under Padilla v. Kentucky, ___ U.S. ___, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), for failing to inform him of the immigration consequences of his plea. The court denied Mr. Gomez's motion on December 7, 2011 on grounds that it had already been vacated. Mr. Gomez appealed.

ANALYSIS

A. Jurisdiction
¶ 4 The issue is whether the trial court erred in denying the motion to vacate the judgment and sentence because the conviction had already been vacated.
¶ 5 We review a trial court's denial of a motion to vacate sentence under CrR 7.8 for an abuse of discretion. State v. Swan, 114 Wash.2d 613, 642, 790 P.2d 610 (1990). A trial court abuses its discretion when it exercises discretion in a manner that is manifestly unreasonable or based upon untenable grounds. State v. Neal, 144 Wash.2d 600, 609, 30 P.3d 1255 (2001). A decision is based on untenable grounds or made for untenable reasons when it was reached by applying the wrong legal standard. State v. Quismundo, 164 Wash.2d 499, 504, 192 P.3d 342 (2008). A court abuses its discretion if its ruling is based on an erroneous view of the law. Wash. State Physicians Ins. Exchange & Ass'n v. Fisons Corp., 122 Wash.2d 299, 339, 858 P.2d 1054 (1993).
¶ 6 Mr. Gomez contends, and the State agrees, the 2005 vacation did not relieve him from the immigration consequences of his conviction. Thus, Mr. Gomez additionally reasons he is presently hampered in resisting his immigration removal on constitutional grounds. He asserts the trial court retained jurisdiction to consider his 2010 motion even though it had granted similar relief in 2005. He points to the court's ruling, "Motion: Denied as judgment already vacated." In essence, Mr. Gomez argues the trial court erroneously viewed its authority to vacate a judgment and sentence. No direct precedent addresses this precise issue.
¶ 7 The State argues "once a criminal case is dismissed, `it is apparent no controversy now exists between the state and the defendant.'" Br. of Resp't at 5 (citing State v. Murrey, 30 Wash. 383, 385, 70 P. 971 (1902)). Mr. Gomez responds a matter is not dismissed for immigration purposes when a conviction is vacated pursuant to RCW 9.94A.640. He cites In re Matter of Pickering, 2003 WL 21358480, 23 I. & N. Dec. 621 (BIA June 11, 2003) for the rule, "In order for a vacation of a conviction to be valid for immigration purposes, the order must vacate the conviction as being statutorily or constitutionally invalid at the time that the conviction arose." Br. of Appellant at 8. While not precisely the holding of the cited case, it has been interpreted in that manner. See Pickering v. Gonzales, 465 F.3d 263, 266 (6th Cir.2006).
¶ 8 Federal law on the subject indicates when a conviction is vacated for rehabilitative reasons; the conviction remains valid *487 for immigration purposes. See id. A conviction is vacated for rehabilitative reasons when it is vacated pursuant to a state law providing a means for the trial court to enable a defendant to avoid certain effects from that conviction. See id. RCW 9.94A.640 is such a law because convictions vacated under it are still valid for sentencing purposes and later criminal prosecutions. Thus, a vacation is procedurally different than a dismissal. Therefore, the trial court erred to the extent it relied solely on the ground that it had already vacated the offense for rehabilitative reasons under RCW 9.94A.640. However, the trial court's underlying concern over the passage of time remains and is next discussed.

B. Timeliness
¶ 9 Was Mr. Gomez's CrR 7.8 motion time-barred? The State contends the trial court's decision to reject Mr. Gomez's motion should be affirmed because the motion was time-barred. A trial court decision may be affirmed on any basis regardless of whether that basis was considered or relied on by the trial court. RAP 2.5(a); City of Sunnyside v. Lopez, 50 Wash.App. 786, 794 n. 6, 751 P.2d 313 (1988). Mr. Gomez brought his 2010 motion to vacate under CrR 7.8 more than 15 years after judgment and sentence was entered.
¶ 10 CrR 7.8 allows a court to relieve a party from a final judgment "subject to RCW 10.73.090, .100, .130, and .140." RCW 10.73.090 explains that a motion to vacate a criminal conviction must be filed within one year of the judgment becoming final where the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction. But, RCW 10.73.100 provides the time limit in RCW 10.73.090 does not apply when the motion is based on the following grounds: newly discovered evidence, an unconstitutional statute, double jeopardy, insufficient evidence where the defendant did not plead guilty, a sentence in excess of the court's jurisdiction, or a significant, material change in the law that applies retroactively.
¶ 11 Ineffective assistance claims are barred after one year. State v. Wade, 133 Wash.App. 855, 870, 138 P.3d 168 (2006) ("For good reason, a claim of ineffective assistance of trial or appellate counsel does not fall under the permissible grounds for collateral review more than one year after finality."). A claim that defendant was not properly advised of the consequences of his guilty plea cannot be brought more than one year after finality. See State v. King, 130 Wash.2d 517, 530-31, 925 P.2d 606 (1996); In re Pers. Restraint of Hemenway, 147 Wash.2d 529, 533, 55 P.3d 615 (2002); In re Pers. Restraint of Clark, 168 Wash.2d 581, 586-87, 230 P.3d 156 (2010).
¶ 12 Mr. Gomez does not discuss time limitations in his appellate briefing. He argued to the trial court and here that the one-year time limit did not apply to his motion because Padilla v. Kentucky is a significant, material change in the law, applying retroactively. In Padilla, the Court held that, under the Sixth Amendment and Strickland v. Washington, 466 U.S. 668, 685, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), counsel must inform a client whether his plea carries a risk of deportation. Padilla, 130 S.Ct. at 1482, But, as the State argues, Padilla does not represent a material change in the law; rather, it applied existing settled law to the case facts. The Padilla court recognized state guilty pleas carry direct immigration risks, not merely collateral consequences beyond the scope of effective assistance of counsel.
¶ 13 As the State explains, "[i]n determining whether a court case represents a significant change in the law that would exempt a defendant from the time limit, a court considers whether the defendant could have made the same [ineffective assistance] argument before the new law was decided." Br. of Resp't at 9-10 (citing State v. Olivera-Avila, 89 Wash.App. 313, 321, 949 P.2d 824 (1997); In re Pers. Restraint of Domingo, 155 Wash.2d 356, 365-69, 119 P.3d 816 (2005)). Accordingly, Padilla does not represent a significant change in the law and therefore does not create an exception to the one-year time limit in RCW 10.73.090. Mr. Gomez did not raise his ineffective assistance claim until 15 years after judgment and sentence were *488 entered. Thus, his CrR 7.8 motion is time-barred.
¶ 14 Affirmed.
WE CONCUR: KULIK, C.J., and SWEENEY, J.
NOTES
[1] Although numerous other names appear in the record, he refers to himself here as Miguel Gomez. Thus, we refer to him as Mr. Gomez according to his preference.