[No. 80195-9.   En Banc.]
Argued May 13, 2008.     Decided September 11, 2008.

THE STATE OF WASHINGTON, *Respondent*, v. RONALD STEVEN QUISMUNDO, *Petitioner*.

*David L. Donnan* and *Lila J. Silverstein* (of *Washington Appellate Project*), for petitioner.

*Janice E. Ellis, Prosecuting Attorney,* and *Thomas M. Curtis, Deputy,* for respondent.

¶1 STEPHENS, J. — Petitioner Ronald Steven Quismundo appeals his conviction for felony violation of a no-contact order. After the State rested its case in chief, the defense

moved to dismiss the charge based on an insufficient information, pointing out that the charging document failed to allege that Quismundo actually violated the order. The trial court allowed the State to reopen its case and amend the information. Under *State v. Vangerpen*, 125 Wn.2d 782, 888 P.2d 1177 (1995), this was an improper remedy for an insufficient charging document, and the trial court should have dismissed the case without prejudice. We reverse the Court of Appeals and remand this case to the trial court for dismissal without prejudice.[1]

I

Facts and Procedural History

¶2 Quismundo was charged by information on June 3, 2005 with violation of a no-contact order. He had previously violated separate no-contact orders concerning the same party on two different occasions. The June 3 information charged the crime in two alternatives: (1) a felony violation predicated on assault or (2) a felony violation predicated on the two previous violations of a no-contact order. The trial started on August 22, 2005. On the first day of trial, before the jury was empanelled, the State amended the information to exclude the assault alternative, focusing instead on the previous violations alternative (first amended information).

¶3 After the State rested its case in chief, Quismundo moved for dismissal, noting that the first amended information lacked an essential element of the crime—that Quismundo had indeed violated a no-contact order. Apparently, when the State deleted the assault alternative, it also inadvertently deleted the phrase concerning the violation of the orders. Quismundo argued that the appropriate remedy

---

[1] Quismundo also argues that the second amended information itself is insufficient. Because we reverse Quismundo's conviction based upon the trial court's error in allowing the State to belatedly amend the information, we do not reach this issue.

for the insufficient charging document was dismissal with prejudice.

¶4 The State conceded that the first amended information was insufficient. The State disagreed, however, that the appropriate remedy was dismissal with prejudice. The State asserted that the trial court had three options: (1) it could allow the State to reopen its case to amend the information, (2) it could dismiss without prejudice, or (3) it could proceed on the defective information. The State advocated for the first option as the "most expeditious and appropriate response." Report of Proceedings (RP) at 87.

¶5 The trial court ruled in favor of the State, allowing it to reopen its case in chief and amend the information. Citing Criminal Rule 2.1, the trial court explained that Quismundo had shown no prejudice, surprise, or hindrance to his defense as a result of the insufficient information. Had he done so, the court explained, it might have granted a motion to dismiss without prejudice.

¶6 In response, Quismundo asked for a lengthy continuance, which the State claimed amounted to a motion for mistrial. The trial court agreed the continuance request was akin to a motion for a mistrial but was inclined to grant the continuance motion and set a trial date on the second amended information at a later date. However, upon reflection, Quismundo decided to proceed under the second amended information, apparently believing a mistrial might negate his right to appeal the court's denial of his motion to dismiss with prejudice.

¶7 On August 23, a second amended information was filed charging Quismundo with felony violation of a no-contact order and stating that he "did violate the orders" (second amended information). Clerk's Papers at 48. Quismundo was convicted of the crime. The Court of Appeals affirmed the conviction in an unpublished opinion, explaining that because Quismundo requested an improper remedy (dismissal with prejudice), the trial court did not abuse its discretion. *State v. Quismundo*, noted at 137 Wn. App. 1054, 2007 Wash. App. LEXIS 576, at *4-5.

¶8 Quismundo petitioned for review, which we granted at 162 Wn.2d 1018 (2008).

## II

## Analysis

¶9 In his supplemental brief, Quismundo concedes that the proper remedy at trial should have been dismissal without prejudice.[2] He asks this court to so order now. Suppl. Br. of Pet'r at 7, 13. Likewise, the State concedes that because the first amended information was constitutionally defective, the proper remedy at trial should have been dismissal without prejudice. But for a variety of reasons discussed below, the State argues that the trial court properly allowed the State to reopen its case and amend the insufficient information. We disagree.

¶10 Under our state constitution, it is a "constitutionally mandated rule that all essential elements of a charged crime must be included in the charging document." *Vangerpen*, 125 Wn.2d at 788. The essential elements rule recognizes a defendant's "article [I], section 22 . . . right to demand the nature and cause of the accusation against him or her." *Id.* at 789. In a criminal case, once the prosecution has rested, it may not amend an insufficient information.

In *State v. Pelkey*, 109 Wn.2d 484, 491, 745 P.2d 854 (1987), this court held that an information may not be amended after the State has rested its case in chief unless the amendment is to a lesser degree of the same crime or a lesser included offense. Any other amendment is deemed to be a violation of the defendant's article [I], section 22 . . . right to demand the nature and cause of the accusation against him or her.

---

[2] Quismundo explains that trial counsel likely misread *State v. Pelkey*, 109 Wn.2d 484, 745 P.2d 854 (1987), when he requested dismissal with prejudice. Although that was the remedy in *Pelkey*, it was appropriate there because of a mandatory joinder violation, which is not present in this case. Suppl. Br. of Pet'r at 14 n.3; *see also State v. Dallas*, 126 Wn.2d 324, 327-33, 892 P.2d 1082 (1995) (explaining that the difference in remedy between *Pelkey* and *Vangerpen* was based on the joinder issue in *Pelkey*).

*Id.* Instead, the proper remedy is dismissal of the charge without prejudice. *Id.* at 792-93. Moreover, where an information is deemed insufficient in such a context, the defendant need not show prejudice to effect dismissal; the insufficiency alone is enough to warrant dismissal. *Id.* at 790.

¶11 The trial court here should have dismissed the charges against Quismundo without prejudice once the insufficiency of the first amended information was revealed; on this point the parties agree. Suppl. Br. of Pet'r at 13; Suppl. Br. of Resp't at 5. The question now is whether its failure to do so was an abuse of discretion warranting reversal of Quismundo's conviction.

¶12 A court abuses its discretion when an "order is manifestly unreasonable or based on untenable grounds." *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 339, 858 P.2d 1054 (1993). A discretionary decision "is based 'on untenable grounds' or made 'for untenable reasons' if it rests on facts unsupported in the record *or was reached by applying the wrong legal standard.*" *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003) (emphasis added) (quoting *State v. Rundquist*, 79 Wn. App. 786, 793, 905 P.2d 922 (1995)). Indeed, a court "would necessarily abuse its discretion if it based its ruling on an erroneous view of the law." *Fisons*, 122 Wn.2d at 339.

¶13 Here, the trial court based its ruling on an erroneous view of the law and therefore abused its discretion. The trial court believed that it could dismiss without prejudice to the State only if Quismundo showed that the insufficient information prejudiced him. RP at 90-91. This is incorrect under *Pelkey* and *Vangerpen. Pelkey*, 109 Wn.2d at 491; *Vangerpen*, 125 Wn.2d at 790. Moreover, the remedy the trial court selected was unavailable under *Vangerpen.* "We have repeatedly and recently held that the remedy for an insufficient charging document is reversal and dismissal of charges without prejudice to the State's ability to refile charges," *Vangerpen*, 125 Wn.2d at 792-93, not midtrial amendment and refiling. We hold the trial court abused its discretion in ordering the remedy it did. To hold otherwise

would invite erosion of the clear rule in *Pelkey* and *Vangerpen.*[3]

¶14 The State argues, and the Court of Appeals agreed, that because Quismundo himself requested an erroneous remedy—dismissal with prejudice—the trial court did not abuse its discretion in rejecting that remedy. Suppl. Br. of Resp't at 10-11; *Quismundo*, 2007 Wash. App. LEXIS 576, at *4. The question is not whether the trial court properly refused dismissal with prejudice, however, but whether it abused its discretion in allowing amendment of the insufficient charging document after the State had rested its case. The abuse of discretion standard does not allow us to excuse an order based on an erroneous view of the law because the trial court considered and rejected an equally erroneous argument.[4]

¶15 Finally, the State appears to argue that Quismundo invited the error himself by going forward with his trial on the second amended information and cannot now ask for dismissal without prejudice. Suppl. Br. of Resp't at 10-11. But at the point at which Quismundo withdrew his continuance request, the trial court had already erred and Quismundo's actions at that point have no bearing on the posture of this case.

¶16 A trial court's obligation to follow the law remains the same regardless of the arguments raised by the parties

---

[3] The State suggests that double jeopardy concerns prevented the trial court from dismissing without prejudice, apparently because such dismissal would likely have been over Quismundo's objection given that he believed the correct remedy was dismissal with prejudice. Suppl. Br. of Resp't at 9. As we recognized in *Vangerpen*, however, "[t]here is no double jeopardy bar to retrial after a reversal necessitated by a defective charging document." *Vangerpen*, 125 Wn.2d at 793 n.19; *State v. Markle*, 118 Wn.2d 424, 439-41, 823 P.2d 1101 (1992).

[4] This case does not ask us to consider a situation in which a defendant validly waives his rights under *Pelkey* and *Vangerpen*. Quismundo clearly noted his objection to the trial court's denial of his motion to dismiss. RP at 103-04. That he erroneously asked for dismissal with prejudice rather than without prejudice does not amount to a waiver. We will find waiver only where a defendant voluntarily relinquishes a known right. *City of Seattle v. Klein*, 161 Wn.2d 554, 556, 166 P.3d 1149 (2007) (noting that "[t]he only means by which . . . an individual constitutional right in Washington may be relinquished is by a voluntary, knowing, and intelligent waiver").

before it. Although Quismundo erroneously requested the wrong remedy for the insufficient charging document, under *Pelkey* and *Vangerpen* the trial court was precluded from allowing a midtrial amendment of the charges and was required to dismiss the charges without prejudice.

## III

### Conclusion

¶17 We hold that the trial court abused its discretion when it ordered a remedy that departed from clear precedent of this court. We remand this case to the trial court so that the charges against Quismundo can be dismissed without prejudice.

ALEXANDER, C.J., and C. JOHNSON, MADSEN, SANDERS, CHAMBERS, OWENS, FAIRHURST, and J.M. JOHNSON, JJ., concur.