204 P.3d 283 (2009)
STATE of Washington, Respondent,
v.
Adam Jeffery HOCKADAY, Appellant.
No. 35976-6-II.
Court of Appeals of Washington, Division 2.
April 7, 2009.
Valerie Marushige, Attorney at Law, Kent, WA, for Appellant.
Susan Irene Baur, Cowlitz Co. Prosecutor's Office, Kelso, WA, for Respondent.
HUNT, J.
¶ 1 In State v. Hockaday, 144 Wash.App. 918, 184 P.3d 1273, review granted, 165 Wash.2d 1007, 201 P.3d 309 (2008), we held that the State's amendment of the information after it had rested its case was not reversible error because the defendant knew about and agreed to this amendment before the State rested. We concluded that because of this preceding agreement, the per se prejudice standard announced in State v. Pelkey, 109 Wash.2d 484, 745 P.2d 854 (1987), did not apply.
¶ 2 The Washington Supreme Court has now remanded to us to reconsider our 2008 opinion in light of State v. Quismundo, 164 Wash.2d 499, 192 P.3d 342 (2008). Because Quismundo is factually distinct from Hockaday's case, we reaffirm our 2008 decision.

FACTS
¶ 3 Following an altercation between Hockaday and a group of Longview police officers, which included Officer Jason Ferris, the State charged Hockaday with third degree assault and resisting arrest. The original information charged resisting arrest as follows:
The defendant, in the County of Cowlitz, State of Washington, on or about October 22, 2006, did intentionally attempt to prevent, Officer Ferriss [sic], a peace officer, from lawfully arresting him; contrary to RCW 9A.76.040(1) and against the peace and dignity of the State of Washington.
Clerk's Papers (CP) at 1-2 (emphasis added).
¶ 4 The State's case in chief included evidence that Hockaday had struggled with numerous officers and pushed Ferris at least once as they were trying to arrest him. After resting, the State moved to amend the resisting arrest charge to "eliminate the reference to Officer Ferris." Report of Proceedings (RP) at 92. The State informed the trial court that (1) the parties had previously discussed this amendment, (2) defense counsel had "indicated that [the amendment] would not be a problem," and (3) the prosecutor realized that she should have raised this issue before she rested.[1] RP at 92. *284 Defense counsel confirmed that she had previously told the State that this amendment was not a problem. The trial court allowed the amendment.
¶ 5 On appeal, Hockaday argued that, under Pelkey: (1) the trial court erred when it allowed the State to amend the resisting arrest charge after the State presented its case in chief; and (2) because this error was not invited, reversal was required. Although we agreed that invited error did not apply, we held that Pelkey's per se prejudice rule did not apply because Hockaday had been aware of and had agreed to the amendment before the State rested its case. Hockaday, 144 Wash.App. at 927, 184 P.3d 1273. Accordingly, we affirmed Hockaday's conviction.
¶ 6 Hockaday petitioned the Washington Supreme Court for review. The Supreme Court remanded for our reconsideration in light of Quismundo.

ANALYSIS
¶ 7 The State charged Quismundo with a felony violation of a no contact order. Quismundo, 164 Wash.2d at 500, 192 P.3d 342. After the State rested its case in chief, the defense "moved to dismiss the charge based on an insufficient information, pointing out that the charging document failed to allege that Quismundo actually violated the order." Quismundo, 164 Wash.2d at 500-01, 192 P.3d 342. The trial court allowed the State to reopen its case and to amend the information. Quismundo, 164 Wash.2d at 501, 192 P.3d 342. On appeal, the Supreme Court held that this remedy was improper and that the trial court should have instead dismissed the case without prejudice as required under Pelkey. Quismundo, 164 Wash.2d at 503-04, 192 P.3d 342.
¶ 8 The court also stated:
Moreover, where an information is deemed insufficient in [the context of a motion to amend an otherwise insufficient information after the State has rested its case in chief], the defendant need not show prejudice to effect dismissal; the insufficiency alone is enough to warrant dismissal.

The trial court here should have dismissed the charges against Quismundo without prejudice once the insufficiency of the first amended information was revealed; on this point the parties agree.
Quismundo, 164 Wash.2d at 504, 192 P.3d 342 (citations omitted) (emphasis added).
¶ 9 Here, unlike the original information in Quismundo, the State's original information was not legally insufficient, nor was the amendment required to avoid dismissal based on an insufficient information.[2] Thus, the Quismundo court's conclusion that the defendant need not show prejudice does not apply here. Furthermore, neither Quismundo nor Pelkey suggest that the defendants in those cases were aware of and had agreed to the State's amendment before the State rested its case in chief, as is the case here.
¶ 10 Additionally, although Quismundo and Pelkey state that the defendant need not establish prejudice, neither case addresses whether a defendant may waive his or her right to object to an otherwise untimely amendment. Here, the record establishes that Hockaday affirmatively agreed to the State's proposed amendment before the State rested its case. We hold that under these circumstances, Hockaday has waived his right to object to the amendment.
¶ 11 Accordingly, we again affirm.
We concur: VAN DEREN, C.J., and PENOYAR, J.
NOTES
[1] Specifically, the prosecutor stated:

Your Honor, I think we need to put something on the record that the three of us discussed earlier, and probably should have been done before the State rested, so I would move to be able to do this now, which would be orally amend the information as to Count 2 to eliminate the reference to Officer Ferris.
I discussed this with counsel earlier. She indicated that it would not be a problem.
RP at 92.
[2] Similarly, unlike the information in Pelkey, here the State did not amend the information to allege a completely different offense. See Pelkey, 109 Wash.2d at 486-87, 745 P.2d 854.