[No. 29595-8-III.   Division Three.   July 12, 2012.]

THE STATE OF WASHINGTON, *Respondent*, v. MIGUEL GOMEZ CERVANTES, *Appellant*.

*Nicholas W. Marchi* (of *Carney & Marchi PS*), for appellant.

*Shawn P. Sant, Prosecuting Attorney,* and *Frank W. Jenny II, Deputy,* respondent.

*Ann E. Benson* and *Travis Stearns* on behalf of Washington Defender Association, Washington Association of Criminal Defense Lawyers, Northwest Immigrant Rights Project, OneAmerica, Fred T. Korematsu Center for Law and Equality, and Washington Chapter of American Immigration Lawyers Association, amici curiae.

¶1 BROWN, J. — Seeking to avoid immigration consequences, Miguel Gomez Cervantes (a/k/a Miguel Cervantes Valdovines)[1] appealed the trial court's denial of his November 2010 motion to vacate his 1994 judgment and sentence. The trial court denied his motion to vacate because it had previously vacated the offense at his request in 2005 under RCW 9.94A.640 after he had served his sentence. We reason the trial court retained jurisdiction to address Mr. Gomez's later motion. In light of *State v. Sandoval*, 171 Wn.2d 163, 249 P.3d 1015 (2011), we withdrew our March 2012 opinion to reconsider Mr. Gomez's underlying claim that his counsel was ineffective in advising him of plea consequences under *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). Because he fails to establish ineffective assistance of counsel, we affirm.

## FACTS

¶2 In 1987, Mr. Gomez pleaded guilty to unlawful possession of cocaine. In 1994, the trial court entered judgment. On March 22, 2005, Mr. Gomez successfully moved to vacate the conviction pursuant to RCW 9.94A.640, which

---

[1] Although numerous other names appear in the record, he refers to himself here as Miguel Gomez. Thus, we refer to him as "Mr. Gomez" according to his preference.

permits this action once an offender has fulfilled all sentence requirements and has been discharged under RCW 9.94A.637. The 2005 judgment vacation apparently did not alleviate the immigration consequences of his conviction. Mr. Gomez is currently in federal custody while awaiting removal from the United States. Apparently, his removal has been stayed pending the outcome of federal district court habeas corpus litigation.

¶3 On November 8, 2010, Mr. Gomez again moved to vacate the 1994 judgment. This time, he based his motion on constitutional grounds, claiming his plea was involuntary because his trial counsel was ineffective under *Padilla* for failing to inform him of the immigration consequences of his plea. The court denied Mr. Gomez's motion on December 7, 2011 on grounds that it had already been vacated. Mr. Gomez appealed.

## ANALYSIS

### A. Authority To Consider Claim

¶4 The issue is whether the trial court erred in denying the motion to vacate the judgment and sentence because the conviction had already been vacated.

¶5 We review a trial court's denial of a motion to vacate sentence under CrR 7.8 for an abuse of discretion. *State v. Swan*, 114 Wn.2d 613, 642, 790 P.2d 610 (1990). A trial court abuses its discretion when it exercises discretion in a manner that is manifestly unreasonable or based upon untenable grounds. *State v. Neal*, 144 Wn.2d 600, 609, 30 P.3d 1255 (2001). A decision is based on untenable grounds or made for untenable reasons when it was reached by applying the wrong legal standard. *State v. Quismundo*, 164 Wn.2d 499, 504, 192 P.3d 342 (2008). A court abuses its discretion if its ruling is based on an erroneous view of the law. *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 339, 858 P.2d 1054 (1993).

¶6 Mr. Gomez contends, and the State agrees, the 2005 vacation did not relieve him from the immigration consequences of his conviction. Mr. Gomez reasons he is presently hampered in resisting his immigration removal on constitutional grounds. He asserts the trial court retained jurisdiction to consider his 2010 motion even though it had granted similar relief in 2005. He points to the court's ruling: "Motion: Denied as judgment already vacated." In essence, Mr. Gomez argues the trial court erroneously viewed its authority to vacate a judgment and sentence.

¶7 The State argues, "[O]nce a criminal case is dismissed, '[i]t is apparent no controversy now exists between the state and the defendant.' " Br. of Resp't at 5 (quoting *State v. Murrey*, 30 Wash. 383, 385, 70 P. 971 (1902)). Mr. Gomez responds a matter is not dismissed for immigration purposes when a conviction is vacated pursuant to RCW 9.94A.640. He cites *Christopher Pickering*, 23 I. & N. Dec. 621 (BIA June 11, 2003), for the rule that "[i]n order for a vacation of a conviction to be valid for immigration purposes, the order must vacate the conviction as being statutorily or constitutionally invalid at the time that the conviction arose." Br. of Appellant at 8. While not precisely the holding of the cited case, it has been interpreted in that manner. *See Pickering v. Gonzales*, 465 F.3d 263, 266 (6th Cir. 2006).

¶8 Federal law indicates when a conviction is vacated for rehabilitative reasons, the conviction remains valid for immigration purposes. *See id.* A conviction is vacated for rehabilitative reasons when it is vacated pursuant to a state law providing a means for the trial court to enable a defendant to avoid certain effects from that conviction. *See id.* RCW 9.94A.640 is such a law because convictions vacated under it are still valid for sentencing purposes and later criminal prosecutions. Thus, a vacation is procedurally different than a dismissal. Therefore, the trial court erred to the extent it relied solely on the ground that it had already vacated the offense for rehabilitative reasons.

## B. Timeliness and Ineffective Assistance

¶9 The State contends Mr. Gomez's arguments are untimely under CrR 7.8. A trial court's decision may be affirmed on any basis, regardless of whether that basis was considered or relied on by the trial court. RAP 2.5(a); *City of Sunnyside v. Lopez*, 50 Wn. App. 786, 794 n.6, 751 P.2d 313 (1988). Mr. Gomez brought his second motion to vacate under CrR 7.8 more than 15 years after his judgment and sentence was entered.

¶10 CrR 7.8 allows a court to relieve a party from a final judgment "subject to RCW 10.73.090, .100, .130, and .140." RCW 10.73.090 requires a motion to vacate a criminal conviction be filed within one year of the judgment becoming final when it is valid on its face and was rendered by a court of competent jurisdiction. RCW 10.73.100 provides that the time limit in RCW 10.73.090 does not apply when the motion is based on certain circumstances, including a significant, material change in the law that applies retroactively.

¶11 Mr. Gomez did not discuss time limitations in his appellate briefing. But he argues on reconsideration that the one-year time limit did not apply to his motion because *Padilla* is a significant, material change in the law, applying retroactively.

¶12 The test for whether a new legal decision constitutes a significant, material change in the law under RCW 10.73.100(6) is to determine whether the defendant could have argued this issue before publication of the new decision. *State v. Olivera-Avila*, 89 Wn. App. 313, 321, 949 P.2d 824 (1997). In *Padilla*, the court held that under the Sixth Amendment and *Strickland v. Washington*, 466 U.S. 668, 685, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), counsel must inform a client whether his plea carries a risk of deportation. *Padilla*, 559 U.S. at 366.

¶13 Our state Supreme Court recognized in *Sandoval* that *Padilla* permitted defendants to argue counsel was

ineffective for failing to inform them of deportation consequences. *Sandoval*, 171 Wn.2d at 170. Under RCW 10.73-.100(6), the change in the law has to apply retroactively in order for the time limit in RCW 10.73.090 not to apply. We do not decide whether *Padilla* materially changed Washington law or applies retroactively because, as reasoned next, Mr. Gomez fails to establish ineffective assistance of counsel.

¶14 Under CrR 7.8(b)(5), we may grant relief from judgment for "[a]ny other reason justifying relief from the operation of the judgment." Ineffective assistance of counsel qualifies for relief under this section. *State v. Martinez*, 161 Wn. App. 436, 253 P.3d 445, *review denied*, 172 Wn.2d 1011 (2011). An ineffective assistance claim is a mixed question of fact and law we review de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). Effective assistance includes the right to be informed of adverse immigration consequences. *Padilla*, 559 U.S. 368-69; *see also Sandoval*, 171 Wn.2d at 170. Mr. Gomez must show (1) defense counsel's representation was deficient and fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defendant. *Sutherby*, 165 Wn.2d at 883 (citing *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995)). We presume counsel was effective. *McFarland*, 127 Wn.2d at 335.

¶15 Mr. Gomez fails to show deficient performance. He merely proclaims, "Appellant's counsel did not inform him of the immigration implications of his plea." Br. of Appellant at 10-11. This bald, self-serving statement without corroboration is insufficient to show deficient performance. *See In re Pers. Restraint of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086 (1992) (bald assertions and conclusory allegations are insufficient to justify reference hearing). Mr. Gomez's case is distinguishable from *Martinez* and *Sandoval*, where corroborative evidence established ineffective assistance. We are not required to address both *Strickland* prongs if the defendant makes an insufficient

showing on either prong. *State v. Thomas*, 109 Wn.2d 222, 226, 743 P.2d 816 (1987). Even so, we note Mr. Gomez completely failed to address the second prong.

¶16 Given all, Mr. Gomez failed to show that he was denied effective assistance of counsel.

¶17 Affirmed.

SWEENEY and KULIK, JJ., concur.