IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30814-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ESTELA ROJAS LOPEZ, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Estela Lopez Rojas[1] appeals an order denying her motion to withdraw her guilty plea. We reverse and remand this matter for an evidentiary hearing.

FACTS

In 1991, 19-year-old Estela Lopez Rojas entered an *Alford*[2] plea to delivery of a controlled substance. Her statement on plea of guilty contained the following provision:

_____

[1] We note the appellant signs her name as "Estela Lopez Rojas."

[2] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

> I understand that if I am not a citizen of the United States, a plea of guilty to an offense punishable as a crime under state law is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

Clerk's Papers (CP) at 5. During her plea colloquy, Ms. Lopez Rojas told the trial court an interpreter had read her the plea agreement and she understood everything read to her. On her own initiative, Ms. Lopez Rojas asked the trial court whether immigration authorities would deport her to Mexico after she finished her sentence. The trial court responded, "I do not know that. I am not in charge of that. But it is entirely possible." CP at 89.

The trial court imposed 21 months' confinement and allowed Ms. Lopez Rojas to self-report for service of her sentence. Ms. Lopez Rojas never turned herself in as required. A bench warrant was issued.

In February 2011, Ms. Lopez Rojas was arrested on the warrant. Ms. Lopez Rojas moved to withdraw her guilty plea under CrR 7.8 and attached a declaration to her motion. In the declaration, Ms. Lopez Rojas maintained she was unaware at the time she pleaded guilty that she would face automatic deportation. She further asserted she would have proceeded to trial on a duress defense had she known that pleading guilty would subject her to automatic deportation.

2

The trial court denied Ms. Lopez Rojas's motion. While the court suggested she had failed to meet her burden of establishing ineffective assistance of counsel, the ultimate ruling was limited to procedural error. The trial court held Ms. Lopez Rojas's motion was untimely because it had been filed more than a year after her entry of the plea and judgment. Ms. Lopez Rojas appeals.

## ANALYSIS

This court reviews a trial court's denial of a CrR 7.8 motion for an abuse of discretion. *State v. Martinez*, 161 Wn. App. 436, 440, 253 P.3d 445 (2011). A trial court abuses its discretion if it applies the wrong legal standard or bases its ruling on an erroneous view of the law. *State v. Gomez Cervantes*, 169 Wn. App. 428, 431, 282 P.3d 98 (2012).

The trial court denied Ms. Lopez Rojas's motion for relief because it was untimely. Generally, a person cannot collaterally attack a judgment and sentence more than one year after the conviction becomes final. RCW 10.73.090(1). This includes motions to withdraw guilty pleas.[3] RCW 10.73.090(2). However, this time limit is subject to a

---

[3] The State appears to argue this is a direct appeal, and this court should dismiss it because Ms. Lopez Rojas did not appeal the judgment and sentence within 30 days. RCW 10.73.090(2) makes clear that motions to withdraw guilty pleas are collateral attacks, not direct appeals.

number of exemptions. *See* RCW 10.73.100. One of these exemptions allows a

petitioner to collaterally attack a judgment after the one-year deadline if he or she

establishes: 1) a substantial change in the law occurred, 2) that is material, and

3) that applies retroactively. RCW 10.73.100(6).

Subsequent to the trial court's order, the Washington Supreme Court held that

claims such as Ms. Lopez Rojas's, involving an allegation that counsel failed to provide

immigration advice, can be made retroactively. *In re Pers. Restraint of Yung-Cheng Tsai*,

183 Wn.2d 91, 351 P.3d 138 (2015). As a result of *Tsai*, it is apparent that Ms. Lopez

Rojas's motion to set aside her plea was timely.

The trial court erred when it denied Ms. Lopez Rojas's claim for relief as time-

barred. We reverse the court's order and remand for an evidentiary hearing on the motion

to withdraw plea. At the hearing, the court may consider additional evidence relevant to

Ms. Lopez Rojas's motion.[4] The court may also determine whether Ms. Lopez Rojas's

---

[4] Contrary to the State's assertion, this court's November 8, 2013, order did not determine Ms. Lopez Rojas was not entitled to an evidentiary hearing. The order simply limited the facts to be considered by this court on appeal. Ten days after the November 8, 2013, order, this court stayed Ms. Lopez Rojas's case pending the Supreme Court's decision in *Tsai*. Had the outcome in *Tsai* been different, an evidentiary hearing would have been unnecessary. Because *Tsai* provides Ms. Lopez Rojas a legal avenue for relief, remand for an evidentiary hearing is appropriate.

No. 30814-6-III
*State v. Rojas Lopez*

presence is necessary at the hearing, including consideration of a telephonic or video

appearance.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Lawrence-Berrey, J.

5