STATE OF WASHINGTON,   )
            )  No.  35686-8-III (consolidated
      Respondent,  )  with No. 35853-4-III)
            )
  v.         )
            )
CAMERON J. PETERSON,   )
            )  UNPUBLISHED OPINION
      Appellant.   )
_____  )

IN THE MATTER OF PERSONAL  )
RESTRAINT OF       )
            )
CAMERON J. PETERSON    )

FEARING, J. — Cameron Peterson appeals a superior court order denying his motion to issue a postconviction subpoena duces tecum for medical records.  In a consolidated personal restraint petition, Peterson seeks the same relief.  We affirm the superior court's denial of relief.

## FACTS

On April 12, 2015, Cameron Peterson and Gregory Zielke Sr. patronized a tavern.  Someone forcefully struck Zielke on his head, and the blow rendered Zielke unconscious.  At trial, the State presented witnesses who testified that Peterson walloped Zielke with a

bottle, glass, or other object. One witness described a resulting "'gash'" on Zielke's head that caused significant bleeding. Clerk's Papers at 37. Peterson has always denied striking the blow. Following the assault, medical personnel transported Gregory Zielke to Sacred Heart Medical Center.

The State charged Cameron Peterson with second degree assault. The prosecution did not introduce at trial medical records for the hospital treatment of Zielke. A jury convicted Peterson of the charge. The superior court sentenced Peterson to three months' confinement.

Cameron Peterson appealed his conviction. This court held that sufficient evidence supported the conviction and affirmed the conviction.

PROCEDURE

Following the appeal of the conviction for second degree assault, Cameron Peterson, citing CrR 4.8(b), filed a motion in the superior court for issuance of a subpoena duces tecum directing the records custodian for Sacred Heart Medical Center to produce all records relating to the diagnosis and treatment of Gregory Zielke for the head injury. In support of the subpoena request, Peterson argued that he did not assault Zielke as described by witnesses and the medical records would confirm a lack of injury to Zielke's head.

2

The superior court denied the motion for issuance of the subpoena duces tecum. The court ruled that CrR 4.8 applied only to pretrial discovery. Peterson appealed this decision to this court.

Cameron Peterson later filed with the superior court a motion, under CrR 7.8(b)(2), (3) and (5), for relief from judgment and for discovery. Pursuant to CrR 7.8(c)(2), the superior court transferred the motion to this court as a personal restraint petition. This court consolidated the appeal with the personal restraint petition.

LAW AND ANALYSIS

Despite consolidating Cameron Peterson's personal restraint petition with his appeal, we separate the two for purposes of analysis. Although Peterson seeks a subpoena duces tecum for medical records in each proceeding, the rules attending the request differ within the two proceedings. We also address his request within the context of a motion to vacate judgment under CrR 7.8.

Appeal

After completion of the appeal of his conviction, Cameron Peterson asked the superior court to issue a subpoena duces tecum, under CrR 4.8(c), to obtain the medical records of his victim. The superior court ruled that CrR 4.8 applies only to pretrial motions. We agree.

Cameron Peterson seeks to garner a subpoena duces tecum for discovery purposes. CrR 4.7 governs criminal discovery. *State v. Pawlyk*, 115 Wn.2d 457, 471, 800 P.2d 338

3

(1990). CrR 4.8 addresses subpoenas. The title to section 4 of the criminal rules for Superior Court, which contains CrR 4.7 and 4.8, is "PROCEDURES PRIOR TO TRIAL" CrR 4.7, which addresses discovery, speaks in terms of discovery leading to trial. The discovery rules constitute pretrial mechanisms to facilitate litigation and preserve a defendant's rights while preparing for trial. *See State v. Copeland*, 89 Wn. App. 492, 497, 949 P.2d 458 (1998).

CrR 4.8(a)(1)(B) refers to "[t]he court in which the action is pending" as the body issuing the subpoena. After the appeal affirms the conviction, no action pends before the superior court.

In *District Attorney's Office for the Third Judicial District v. Osborne*, 557 U.S. 52, 129 S. Ct. 2308, 174 L. Ed. 2d 38 (2009), the United States Supreme Court suggested that a defendant may not engage in ongoing disclosure after a conviction. After a conviction, the defendant has been "constitutionally deprived" of his liberty, the presumption of innocence is gone, and a defendant is no longer entitled to the same pretrial liberty interests. *District Attorney's Office for the Third Judicial District v. Osborne*, 557 U.S. at 68-69. Our own state Supreme Court shares the same view as the Court in *Osborne*. *See generally State v. Mullen*, 171 Wn.2d 881, 902, 259 P.3d 158 (2011) the Washington Supreme Court observed that pretrial discovery principles do not apply to postconviction processes.

An offender may possess a due process right for postconviction discovery. *In re*

4

*Personal Restraint of Gentry*, 137 Wn.2d 378, 972 P.2d 1250 (1999). *In Gentry*, the court noted that, although a defendant possesses no due process right to discovery as a matter of course postconviction, the defendant may obtain discovery to the extent he or she can show good cause to believe discovery would prove entitlement to other relief. *In re Personal Restraint of Gentry*, 137 Wn.2d at 390-91. In his brief, Cameron Peterson cited *Gentry*, but he employs the decision in his CrR 4.8 argument. He does not assert the due process clause.

Motion to Vacate Judgment

We question whether we should address Cameron Peterson's motion to vacate his conviction under CrR 7.8 when the motion becomes a personal restraint petition when transferred to this appeal court. We analyze Peterson's claim under CrR 7.8 anyway.

Cameron Peterson argues that, by filing a motion to vacate his conviction under CrR 7.8, a new action is now "pending" before the trial court and therefore he gains entitlement to use the criminal discovery rules to obtain the subpoena duces tecum. The argument contains some logic, but falls short when considering the limited nature of CrR 7.8.

CrR 7.8(b) declares:

> On motion and upon such terms as are just, the court may relieve a party from a final judgment, order, or proceeding for the following reasons:
> (1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;

5

> (2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 7.5;
> (3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) The judgment is void; or
> (5) Any other reason justifying relief from the operation of the judgment.
> The motion shall be made within a reasonable time and for reasons (1) and (2) not more than 1 year after the judgment, order, or proceeding was entered or taken, and is further subject to RCW 10.73.090, .100, .130, and .140. A motion under section (b) does not affect the finality of the judgment or suspend its operation.

Whereas the court rule references "newly discovered evidence," the rule authorizes no formal discovery.

Cameron Peterson seeks vacation of his conviction under three of the grounds listed in CrR 7.8: newly discovered evidence, fraud, and any other justifying reason. We address each ground in such order.

If the defendant seeks vacation of judgment under CrR 7.8(b)(2), he must demonstrate that the evidence (1) will probably change the result of the trial, (2) was discovered since the trial, (3) could not have been discovered before trial by the exercise of due diligence, (4) is material, and (5) is not merely cumulative or impeaching. *State v. Williams*, 96 Wn.2d 215, 222-23, 634 P.2d 868 (1981). The absence of any one factor is grounds to deny the motion. *State v. Gassman*, 160 Wn. App. 600, 609, 248 P.3d 155 (2011). Cameron Peterson could have subpoenaed the medical records before his trial, so the lack of discovery is not excused. He claims he directed his trial counsel to procure

the records, but his claim, if true, only shows a lack of diligence of his counsel and confirms the records could have been discovered before trial. Also, since we do not know of the contents of the medical records, we cannot find that discovery would probably change the result of the trial.

Cameron Peterson also bases his motion for vacation of the judgment on CrR 7.8(b)(3), which permits relief from a final judgment based on fraud, misrepresentation, or other misconduct by an adverse party. Nevertheless, Peterson does not allege or present any evidence of fraud, misrepresentation, or misconduct of an adverse party.

Cameron Peterson posits a third basis of relief under CrR 7.8(b)(5). Under this subsection of the rule, a court may relieve a party from a final judgment for any other reason justifying relief from the operation of the judgment. Ineffective assistance of counsel qualifies for relief under section (5). *State v. Cervantes*, 169 Wn. App. 428, 434, 282 P.3d 98 (2012).

Cameron Peterson justifies his motion for relief on a claim of ineffective assistance of counsel at trial resulting from his counsel's failure to obtain evidence critical to his defense. Nevertheless, Peterson claims he gains entitlement to a subpoena merely by alleging ineffective assistance of counsel, rather than showing ineffective assistance. He must establish ineffective assistance of counsel.

To prove ineffective assistance of counsel, the defendant must show that (1) defense counsel's representation was deficient, falling below an objective standard of

reasonableness and (2) the deficient performance prejudiced the defendant. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). Courts will presume counsel was effective. *State v. Sutherby*, 165 Wn.2d at 883.

Cameron Peterson does not acknowledge or cite either prong of ineffective assistance of counsel. Although Peterson argues that no reasonable defense attorney would have failed to obtain the victim's medical records for use at trial, this panel cannot find prejudice because the panel can only speculate as to the contents of those records.

Personal Restraint Petition

The law governing personal restraint petitions requires a petitioner alleging constitutional error to "satisfy his threshold burden of demonstrating actual and substantial prejudice." *In re Personal Restraint of Cook*, 114 Wn.2d 802, 810, 792 P.2d 506 (1990). If the petitioner does not demonstrate actual prejudice, the law requires dismissal of the petition. *In re Personal Restraint of Grisby*, 121 Wn.2d 419, 423-24, 853 P.2d 901 (1993). The petition must be dismissed if the petitioner fails to meet his or her burden of showing actual prejudice arising from constitutional error. *In re Personal Restraint of Hews*, 99 Wn.2d 80, 88, 660 P.2d 263 (1983).

Cameron Peterson presents nothing more than speculation as to the contents of his desired medical records of Gregory Zielke. Peterson claims that the ability to pursue postconviction relief depends on his ability to get access to the medical records in order to demonstrate prejudice. This argument confirms the lack of a showing of prejudice.

8

We recognize the paradoxical situation faced by Cameron Peterson. He must gain a copy of the medical records to show prejudice. But he cannot gain a copy of the medical records because he has yet to show prejudice. Nevertheless, we remain bound by the rules promulgated for a personal restraint petition.

CONCLUSION

We affirm the superior court's denial of an issuance of a subpoena duces tecum. We dismiss Cameron Peterson's personal restraint petition.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Korsmo, J.

_____
Pennell, A.C.J.

9