IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36557-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JUAN CARLOS MENDOZA, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Juan Carlos Mendoza appeals his 1995 conviction for possession

of a controlled substance, arguing it was predicated on an invalid guilty plea. We disagree

and affirm.

FACTS

In 1994, 19-year-old Juan Carlos Mendoza was charged with possession of a

controlled substance, cocaine. Through appointed counsel, Mr. Mendoza filed a motion to

suppress. The motion was denied for reasons not disclosed in the record on review. Mr.

Mendoza's attorney subsequently engaged in plea negotiations with the State. As a result,

Mr. Mendoza was able to plead to a reduced charge of possession of a controlled

substance. In May 1995, Mr. Mendoza received a sentence of 11 days' incarceration.

Shortly after his conviction, the United States Immigration and Naturalization Service issued Mr. Mendoza an order to show cause and notice of hearing, alleging he was subject to deportation on two bases: (1) entry without inspection, and (2) conviction for a controlled substance offense. An immigration judge subsequently ordered Mr. Mendoza's deportation solely on the ground of entry without inspection.

In 2011, Mr. Mendoza moved to vacate his 1995 conviction on statutory grounds. The State did not oppose this motion. The superior court vacated his conviction under RCW 9.94A.640.[1]

In January 2019, Mr. Mendoza filed a notice of appeal of his 1995 conviction. He argued the appeal was timely because he had never previously been notified of his right of appeal. The State did not challenge the timeliness of Mr. Mendoza's appeal. After considering the matter on the court's motion docket for dismissal as untimely, our commissioner found extraordinary circumstances under RAP 18.8(b) to extend the time for Mr. Mendoza to appeal. The commissioner also granted leave to Mr. Mendoza to supplement the record on review with documents appended to his memorandum filed in

---

[1] The order did not fully extinguish the impact of Mr. Mendoza's conviction. "[W]hen a conviction is vacated for rehabilitative reasons," such as under RCW 9.94A.640, "the conviction remains valid for immigration purposes." *State v. Cervantes*, 169 Wn. App. 428, 432, 282 P.3d 98 (2012).

response to the court's motion on timeliness. Approximately one month later, Mr. Mendoza moved to supplement the record with declarations from himself and his former trial counsel. Without conceding the accuracy of the factual assertions in the declarations, the State did not oppose their inclusion in the record on review. Based on the lack of objection, the clerk of court granted Mr. Mendoza's motion.

## ANALYSIS

Mr. Mendoza claims his guilty plea was invalid because it was not accompanied by constitutionally-mandated advice regarding immigration consequences. The right to effective assistance of counsel in the Sixth Amendment to the United States Constitution encompasses this type of claim. *State v. Sandoval*, 171 Wn.2d 163, 170, 249 P.3d 1015 (2011). To provide constitutionally effective assistance, counsel representing a noncitizen defendant must provide advice regarding potential immigration consequences of a proposed guilty plea. *Id*. A defendant claiming his or her counsel failed to live up to this obligation must satisfy the dual requirements of deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Failure to establish either of the two requirements precludes relief. *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 847, 280 P.3d 1102 (2012).

Our analysis is focused on the issue of prejudice. In the current context, prejudice turns on whether Mr. Mendoza has established that, but for counsel's failure to provide adequate immigration advice, there was a reasonable probability he would have rejected the State's plea offer and insisted on taking his case to trial. *Sandoval*, 171 Wn.2d at 174-75. This showing has not been made.

Most fundamentally, Mr. Mendoza has not alleged that accurate immigration advice would have prompted him to take his case to trial on the original drug trafficking charges. Mr. Mendoza merely claims that if he had known he would have been deported without any chance to stay in the United States, he would have asked his attorney to do whatever was possible to keep fighting his case. This vague assertion is insufficient.

Even if Mr. Mendoza could be understood to assert that he was willing to take his case to trial under the original charges, there is no evidence that such a decision would have been rational under the circumstances. *See Padilla v. Kentucky*, 559 U.S. 356, 372 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010) (A "reasonable probability" entails showing a decision to reject a plea offer "would have been rational under the circumstances."). Mr. Mendoza was undocumented at the time of his plea. As such, he was removable regardless of his drug conviction. 8 U.S.C. § 1229a(e)(2)(B). The record contains no evidence Mr. Mendoza would have been eligible for relief from removal, but for his

conviction. He therefore had no viable immigration benefit that could have been retained after a successful trial. *Cf. Sandoval*, 171 Wn.2d at 176 (rejecting plea offer rational when defendant stood to lose lawful permanent resident status).

Not only did Mr. Mendoza have no immigration benefits to lose as a result of his plea, the State's bargain provided much to be gained. By lowering the charge from possession with intent to distribute to simple possession, the State's offer saved Mr. Mendoza from serving a significant prison sentence.[2] In addition, the reduced charge meant Mr. Mendoza would not be designated an aggravated felon under United States immigration laws. *See* former 8 U.S.C. § 1101(a)(43)(B)(1994). This protected him from at least some adverse immigration consequences. *See* 8 U.S.C. § 1326(b)(2); U.S. SENTENCING COMM'N, GUIDELINES MANUAL § 2L1.2(b)(2) (1994) (listing heightened penalty for illegal re-entry into the United States after an aggravated felony). On the record before this court, it appears adequate immigration advice would have made Mr.

---

[2] At sentencing, Mr. Mendoza faced a range of 0 to 90 days based on an offender score of 0 and a seriousness level of II. Had he been convicted of possession with intent to distribute cocaine, his seriousness level would have been VIII and his range would have been 21 to 27 months. *See* WASH. SENTENCING GUIDELINES COMM'N, IMPLEMENTATION MANUAL I-2, I-4 (1994), http://www.cfc.wa.gov/PublicationSentencing/SentencingManual/Adult_Sentencing_Manual_1994.pdf (last visited July 20, 2020).

No. 36557-3-III
*State v. Mendoza*


Mendoza's decision to accept the State's plea offer more likely, not less so. No prejudice

is established.

CONCLUSION

The validity of Mr. Mendoza's original judgment of conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Pennell, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Korsmo, J.


6

No. 36557-3-III

KORSMO, J. (concurring) — I have signed the majority opinion which rightly concludes that Mr. Mendoza's case has no merit.  This additional opinion is necessary because the case never should have progressed to this point.  The State[1] should have objected to the effort to expand the record and, regardless of any objection, our clerk should not have granted the motion because this evidence failed to satisfy RAP 9.11 on several grounds.  But even without those mistakes, this appeal should be dismissed.

The 1995 conviction that Mr. Mendoza now seeks to challenge was vacated in 2011 at his request.  He has not sought to reinstate that conviction.  Accordingly, he is not an aggrieved person who can file an appeal.  RAP 3.1.  Another consequence of the vacation is that there was no case that could have been revived if the motion to withdraw the plea had been successful.  There was no case for the superior court to act on and no case from which this appeal could be taken.[2]  This case is as moot as it can be.

---

[1] In many, if not most, ancient cases, the State also is likely to have a laches claim to assert.

[2] To the extent that *State v. Cervantes*, 169 Wn. App. 428, 282 P.3d 98 (2012), permits an appeal from a vacated conviction, I disagree.  The consequences flowing from a Washington conviction are a function of Washington law, and Mr. Mendoza simply has not explained how he was still aggrieved under Washington law.  How other jurisdictions, including the federal courts, apply a vacated Washington conviction is a function of their law, not ours.  The consequences of a guilty plea on immigration status are significant and, therefore, a defendant must be advised about them (when relevant) before a plea is entered.  A change in federal law might explain a local defendant's motivation to challenge a conviction, but it does not change the effect of a vacated conviction in Washington.  Nor do such changes retroactively change proper legal advice given in 1995.

No. 36557-3-III
*State v. Mendoza—concurrence*

Mr. Mendoza has attempted to convert his out of time appeal into a personal restraint petition, a device that was itself untimely. RCW 10.73.090. The majority opinion rightly explains why any PRP would fail, but I believe it is necessary to clarify that we should not tolerate this backdoor effort to evade the time bar statute.

RAP 16.4(b) permits a PRP when a person is under "restraint" due to a prior conviction. The conviction in this case was vacated in 2011 at Mr. Mendoza's request. It imposes no further disabilities on him. For that reason this court also could not grant him any relief, a requirement of RAP 16.4(d). For both reasons, any PRP would need to be dismissed without getting to a reference hearing to test the truth of the allegations.

With these observations, I concur.

_____
Korsmo, J.

2