
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 40807-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RYAN FITZELL GILLIARD, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, C.J. — Ryan Gilliard appeals the denial of his post judgment motion to withdraw his guilty plea based on ineffective assistance of counsel. The trial court denied the motion under CrR 4.2(f) without addressing CrR 7.8, even though the motion was filed after Gilliard's judgment and sentence was entered.

We conclude the trial court abused its discretion by failing to apply CrR 7.8 to Gilliard's motion. Nevertheless, since the only claim in support of Gilliard's motion is ineffective assistance of counsel, and the standard for reviewing such a claim is the same on direct appeal and collateral review, we exercise our discretion to address Gilliard's appeal.

On the merits, we conclude the trial court's unchallenged findings fail to show deficient performance, and Gilliard fails to establish prejudice. The trial court therefore

did not abuse its discretion in denying Gilliard's motion to withdraw his plea.

Accordingly, we affirm.

BACKGROUND

The State charged Gilliard with first degree murder and second degree unlawful possession of a firearm. Gilliard was originally appointed an attorney and later retained private counsel (plea agreement counsel). He subsequently agreed to plead guilty to an amended charge of second degree murder with a firearm enhancement in exchange for the State's recommendation of a substantially reduced sentence. The court sentenced Gilliard on January 24, 2023.

Almost one year later, with the assistance of a newly retained third attorney, Gilliard moved to withdraw his guilty plea under CrR 4.2(f), asserting his plea agreement counsel provided ineffective assistance. In his motion, Gilliard claimed his plea agreement counsel failed to investigate evidence related to a claim of self-defense or defense of others.

The trial court held an evidentiary hearing on the motion. Gilliard's plea agreement counsel testified about the steps he took to investigate the allegations and his review and evaluation of this evidence with Gilliard and Gilliard's mother. Following the hearing, the court entered written findings of fact and conclusions of law denying Gilliard's motion on the merits. Ultimately, the court denied the motion under CrR 4.2(f) (without mentioning the standard in CrR 7.8), concluding that Gilliard failed to establish

deficient performance or prejudice and therefore failed to demonstrate a manifest injustice warranting withdrawal of his plea.

Gilliard filed this direct appeal. We requested supplemental briefing to address "whether CrR 7.8 applies to Mr. Gilliard's motion, and if so, whether the rule's application changes the procedure required in superior court, and this court's analysis of the issue raised by Mr. Gilliard." Letter from Tristen Worthen, Clerk of Court, Division III (Dec. 5, 2025). Both parties submitted supplemental briefing in accordance with our request, disagreeing on the applicability of CrR 7.8.

ANALYSIS

Under CrR 4.2(f), "the [trial] court shall allow a defendant to withdraw the defendant's plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice." *In re Pers. Restraint of Stockwell*, 179 Wn.2d 588, 601 n.6, 316 P.3d 1007 (2014). If a CrR 4.2(f) "motion for withdrawal is made after judgment, it shall be governed by CrR 7.8." *Id*. at n.8. "[A] motion to withdraw a plea after a judgment is entered is governed by CrR 7.8, not simply CrR 4.2(f)." *Id*. at 601. "[A] postjudgment motion to withdraw a guilty plea must either meet the requirements of both CrR 4.2(f) and CrR 7.8, or only CrR 7.8." *State v. Lamb*, 175 Wn.2d 121, 129, 285 P.3d 27 (2012) (emphasis and citation omitted).

We conclude that CrR 7.8 applies to Gilliard's motion. Under CrR 7.8(c)(2), "[t]he court shall transfer a motion filed by a defendant to the Court of Appeals for

3

consideration as a personal restraint petition unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that they are entitled to relief or (ii) resolution of the motion will require a factual hearing." Here, the trial court failed to make these preliminary determinations or transfer Gilliard's motion to this court as a personal restraint petition. Instead, the court addressed the motion and denied it on the merits. The trial court's failure to apply the standards set forth in CrR 7.8 constitutes an abuse of discretion. *Id*. at 128.

Generally, when a trial court applies the wrong rule we will remand the case for the trial court to apply the correct rule. *State v. Parvin*, 184 Wn.2d 741, 753, 364 P.3d 94 (2015). However, because the only issue raised in Gilliard's motion was a claim of ineffective assistance of counsel, and because we review such claims de novo, applying the same standard on collateral review as on direct appeal, we can address the trial court's decision despite the failure to apply the standards under CrR 7.8. *See In re Pers. Restraint of Lui*, 188 Wn.2d 525, 538, 397 P.3d 90 (2017).

A defendant can raise a claim of ineffective assistance of counsel under CrR 7.8(b)(5). *State v. Gomez Cervantes*, 169 Wn. App. 428, 434, 282 P.3d 98 (2012). Likewise, the requirement to show manifest injustice under CrR 4.2 is demonstrated when a plea is not voluntary or effective assistance of counsel is denied. *State v. A.N.J.*, 168 Wn.2d 91, 118-19, 225 P.3d 956 (2010).

Effective assistance of counsel is guaranteed by the Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution. *State v. Bertrand*, 3 Wn.3d 116, 128, 546 P.3d 1020 (2024). To prevail on a claim of ineffective assistance of counsel, a defendant must show both that defense counsel's performance was deficient and that the deficient performance was prejudicial. *Id.*

Counsel's performance is deficient if, after considering all circumstances, it "falls 'below an objective standard of reasonableness.'" *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). Further, prejudice exists if there is a reasonable probability that except for counsel's errors, the result of the trial would have been different. *Id.* at 34. If either prong is not satisfied, the inquiry ends. *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009).

"Effective assistance of counsel includes assisting the defendant in making an informed decision as to whether to plead guilty or to proceed to trial." *A.N.J.*, 168 Wn.2d at 111. While there is no categorical duty to investigate before considering a plea agreement, "at the very least, counsel must reasonably evaluate the evidence against the accused and the likelihood of a conviction if the case proceeds to trial so that the defendant can make a meaningful decision as to whether or not to plead guilty." *Id.* at 111-12.

Gilliard's motion is premised on his assertion that his plea agreement counsel failed to conduct a thorough investigation prior to the plea. The superior court disagreed and prepared detailed findings of fact. Gilliard does not assign error to any of these findings and thus, they are verities on appeal. *See* RAP 10.3(g); *In re Disciplinary Proc. Against Cottingham*, 191 Wn.2d 450, 462, 423 P.3d 818 (2018).

It is undisputed that Gilliard shot the victim in the head while the victim was attempting to drive away. Along with Gilliard, there were two other witnesses to the shooting. In addition, a neighbor's security cameras captured a recording of the shooting, which was turned over to police.

The superior court found that Gilliard's plea agreement counsel reviewed the relevant evidence including the video showing Gilliard walking up to the car, tapping on the window with the gun, and then shooting inside the car. Plea agreement counsel met with the investigator hired by Gilliard's former attorney and had several meetings with Gilliard and Gilliard's mother to discuss the evidence and status of the case. Counsel noted that in light of the compelling video evidence of the crime, a self-defense theory would likely be unsuccessful. Instead, the focus of the defense was to minimize the length of incarceration. The court concluded that plea agreement counsel conducted an appropriate investigation into Gilliard's self-defense claim.

On appeal, Gilliard contends his plea agreement counsel's investigation was deficient in four respects: (1) failure to obtain copies of the autopsy photos, (2) failure to

6

obtain photographs taken during the search of the victim's car showing a knife or

machete in the passenger seat, (3) failure to obtain the recorded statement of one of the

witnesses and interview the other witness, and (4) failure to obtain additional video and

digital evidence from the neighbor's security system.  Despite these claimed deficiencies,

Gilliard does not contend that had plea agreement counsel taken any of these steps, it

would have made a difference in his attorney's recommendation or Gilliard's decision to

plead guilty.

In order to satisfy the prejudice prong of a claim of ineffective assistance of

counsel, "a defendant challenging a guilty plea must show that there is a reasonable

probability that, but for counsel's errors, he would not have pleaded guilty and would

have insisted on going to trial." *In re Pers. Restraint of Riley*, 122 Wn.2d 772, 780-81,

863 P.2d 554 (1993).  "When counsel's alleged error is the failure to investigate

exculpatory evidence, the assessment of whether the error prejudiced the defendant

involves the likelihood that the evidence 'would have led counsel to change his

recommendation as to the plea.  This assessment, in turn, will depend in large part on a

prediction whether the evidence likely would have changed the outcome of a trial.'"  *In

re Clements*, 125 Wn. App. 634, 646, 106 P.3d 244 (2005) (internal quotation marks

omitted) (quoting *State v. Garcia*, 57 Wn. App. 927, 933, 791 P.2d 244 (1990).

Gilliard did not testify at his motion to withdraw his guilty plea, nor did he provide

a declaration stating that had his attorney taken the steps he now claims were deficient, it

7

would have led counsel to change his recommendation and would likely have led to Gilliard rejecting the plea offer and going to trial.  In other words, Gilliard fails to show prejudice.  This is fatal to his claim of ineffective assistance of counsel.

Although the trial court abused its discretion by failing to apply CrR 7.8 to Gilliard's motion, we nevertheless conclude the trial court's unchallenged findings demonstrate that plea agreement counsel's investigation was not deficient and that Gilliard fails to show any prejudice.  Thus, the trial court did not abuse its discretion in denying Gilliard's motion to withdraw his guilty plea.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, C.J.

WE CONCUR:

_____
Hill, J.

_____
Lawrence-Berrey, J.

8